### PEOPLE v. ADAMS.

1. CRIMINAL LAW—ARGUMENT OF COUNSEL—FAILURE OF DEFENDANT TO TESTIFY.

In a prosecution for burglary, argument of the prosecuting attorney that he had done everything in his power, that there were seven men present and he had called six of them to testify, objected to by defendant's counsel as calling attention of the jury to the fact that defendant had not taken the stand in his own behalf, *held*, not reversible error, in view of the statement of the court not to consider any of the argument based on the defendant's not taking the stand.

Authorities discussing the question as to whether comments by prosecuting attorney on failure of defendant to produce witness is grounds for reversal or new trial, are collated in notes in 46 L. R. A. 641; 34 L. R. A. (N. S.) 811.

2. SAME.

The inadvertent use of defendant's name, by the prosecuting attorney, in his argument, in referring to another person's refusal to come from out of the State and testify in defendant's behalf, which was immediately corrected, *held*, so obviously an error as not to have misled the jury.

3. SAME—ALIBI—BELITTLING WITNESSES—CURING ERROR.

Where the defense was an alibi, supported by the testimony of a saloon keeper and three of his patrons, the prosecuting attorney's reference to them in his argument as an "alibi club," while unfortunate, *held*, not reversible error, where the rights of defendant were amply protected by a full and fair charge.

Error to Lenawee; Hart (Burton L.), J. Submitted October 15, 1920. (Docket No. 117.) Decided December 21, 1920.

William Adams was convicted of burglary and sentenced to imprisonment for not less than 15 nor more than 30 years in the State prison at Marquette. Affirmed.

*Herbert R. Clark,* for appellant.

*Leland F. Bean,* Prosecuting Attorney, for the people.

BROOKE, J. Defendant stands convicted of the crime of "burglary with explosives" under the provisions of section 15338, 3 Comp. Laws 1915. He did not take the stand in his own behalf, his sole defense being that of an alibi. He tendered the testimony of a saloon keeper in Toledo and three habitues of that place, all of whom swore that they saw him in Steck's bar at an hour which would have made it impossible for him to have been at the scene of the crime (50 miles distant from Toledo) at the time of its commission.

The only errors argued by counsel for the defend-

ant relate to the closing argument of the prosecuting attorney in which it is urged the prosecutor improperly commented upon the fact that defendant had not taken the stand in his own behalf. The question arose in the following manner. During the closing argument of the prosecutor to the jury, counsel for the defendant said:

"I object to the argument that there were seven known men there and he had brought six of them to testify, and had done everything in his power.

"*Mr. Bean* (prosecuting attorney): That is the proof.

"*Mr. Clark* (defendant's counsel): You have no right to comment on that question.

"*Mr. Bean:* Mr. Clark commented on the fact that I hadn't tried to enlighten this jury or to bring evidence to them.

"*Mr. Clark:* No. It was that you hadn't explained the evidence in the case.

"*The Court:* I think you may go ahead and comment on the evidence you brought.

"*Mr. Clark:* He said, 'I wrote it down on my notes, and if I am mistaken about it, don't pay any attention to what I say.'

"*Mr. Bean:* I say this to you, that we have done every single thing in our power to throw enlightenment for your benefit as jurors as to what occurred down there, and as to why this defendant William Adams was at that bank. We have done everything that we can.

"*Mr. Clark:* Just a minute. I want the record to show that the prosecutor made the argument that there were seven men there, six detectives and William Adams, and that he had brought six here and done everything in his power to bring all the evidence he could. I want a ruling and exception.

"*The Court:* All right. I will say, gentlemen, on that objection, you have no right to consider any of the argument based on the defendant not taking the stand. You may consider any argument based on what the prosecutor has done, that he has brought these men here, but nothing as to the defendant should be considered by you whatever.

"*Mr. Clark:* May I have an exception?
"*The Court:* You may have an exception."

It is the contention of counsel for the defendant that the argument, of which complaint is made, is in direct violation of section 12552, 3 Comp. Laws 1915, in that by calling the attention of the jury to the fact that seven men were there and six had been produced (the seventh being the defendant) it amounted to a statement that the prosecutor had no power to compel the defendant to testify. While we have very frequently held that the provisions of this statute must be strictly observed by the prosecutor, we are unable to say that the language of the prosecutor quoted, coupled as it was with the statement of the trial judge, constitutes reversible error.

Later, and bearing upon the same question, the following occurred:

"*Mr. Bean:* But Mr. Clark says that if a man was any kind of a man he would come. If he knew that William Adams was in the city of Toledo that night, he would come in here and tell you so, I submit. Take Mr. Clark's own statement, that if William Adams was any kind of a man he would have taken the stand—

"*Mr. Clark:* I object to that, your honor.

"*Mr. Bean:* When he was out there in the corridor.

"*Mr. Clark:* That if William Adams were any kind of a man he would take the stand.

"*The Court:* Do you mean that Adams would have taken the stand?

"*Mr. Bean:* No. I mean William Burmeister.

"*The Court:* You said 'he.' That refers to the last man."

And it is said by defendant's counsel that the matter was again brought to the attention of the jury through the inadvertence of the prosecutor in using the name of Adams instead of the name of Burmeister. We think the error in the use of the name is obvious and the jury could not have been misled in the light of the correction made in the next sentence.

Error is assigned upon the following remarks of the prosecutor:

"*Mr. Bean:* Why, gentlemen of the jury, Mr. Clark told you about the witnesses for the defense, that I didn't discuss them in my opening argument. I didn't. Let us discuss them now. This alibi club from Steck's saloon in the city of Toledo. What is the testimony of the proprietor of this alibi club?

"*Mr. Clark:* I take exception to that kind of argument.

"*The Court:* I think, gentlemen, there is no evidence in the case that there is any club or any president of it. You have a right to consider where they came from, and all that, as bearing on the weight you will give their testimony. You may proceed."

It is the contention of the defendant's counsel that to characterize the witnesses from Toledo as an "alibi club" was unfair, tended to belittle and discredit the testimony of said witnesses in the minds of the jury, and to interfere with the fair and orderly administration of justice. Of course, it is the right as well as the duty of the prosecutor to comment upon the testimony given by witnesses for the defense and to draw such legitimate inferences from such testimony as may be warranted. While the use of the term "alibi club" may have been unfortunate, we do not think that it should be held to constitute reversible error. The rights of the defendant were amply protected by a very full and fair charge.

The judgment is affirmed.

MOORE, C. J., and STEERE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.