PEOPLE v. HARVEY.

1. CRIMINAL LAW—RAPE—EVIDENCE—TESTIMONY OF ABSENT WIT-
NESS AT FORMER TRIAL.
In a prosecution for statutory rape, on retrial, the testi-
mony of the prosecuting witness, given on the former
trial, was admissible in evidence where the defendant at
that time had ample opportunity for cross-examination,
and a showing was made by the prosecution that said
witness was out of the State and could not be pro-
duced, and that the prosecution was without fault therein.

2. SAME—AUTHENTICITY OF STENOGRAPHER'S MINUTES—APPEAL AND
ERROR.
An objection that no preliminary proof of the authenticity
of the stenographer's minutes was made comes too late
to be considered where made for the first time in the
Supreme Court.

3. SAME—WITNESSES—EVIDENCE—LAYING FOUNDATION.
Testimony to prove that the prosecuting witness had said
that the story told by her on the former trial was not
her story but one that she was told to say was inad-
missible where no proper foundation was laid by first in-
terrogating her on the subject; and the fact that she
was absent and could not be interrogated has no bearing
on the question.

4. SAME—IMPEACHING WITNESS ON COLLATERAL MATTER—HARM-
LESS ERROR.
Although the trial court was in error in admitting testi-
mony impeaching a witness on a collateral matter, where
he was already discredited by his own conviction and
his impeachment could have had no influence with the
jury in weighing his testimony, said error was harmless.

Exceptions before judgment from Muskegon; Van-
derwerp (John), J.     Submitted April 13, 1922.
(Docket No. 114.)     Decided October 2, 1922.

George S. Harvey was convicted of statutory rape. Affirmed.

*F. E. Wetmore,* for appellant.

*Merlin Wiley,* Attorney General, *Harry W. Jackson,* Prosecuting Attorney, and *R. Glen Dunn,* Assistant Prosecuting Attorney, for the people.

McDONALD, J.    The defendant was convicted on an information charging him with statutory rape on his sister Alice Harvey, in Muskegon county, Michigan. On a previous conviction, this court, in 212 Mich. 393, set aside the verdict and ordered a new trial.    When the case was first heard, Alice Harvey was a witness on the part of the people, and testified to acts of inter-course with the defendant.    When the second trial came on it was found that a brother of the defendant had taken Alice from the Children's Home in Muskegon county to the State of New Hampshire, and that the prosecuting attorney was unable to secure her attendance as a witness.    Over objection of counsel, her testimony as given on the former trial was read to the jury by Fred M. Anderson, the official stenographer of the court.    Counsel for the defendant insists that this was a violation of his constitutional right to be confronted with the witnesses against him.

The exceptions to the rule as to the right of confrontation are stated by Justice COOLEY as follows:

"If there were a former trial on which he (witness) was sworn it seems allowable to make use of his deposition, or of the minutes of his examination, if the witness has since deceased, or is insane, or sick and unable to testify, or has been summoned but appears to have been kept away by the opposite party." Cooley on Constitutional Limitations (7th Ed.), p. 451, or 4th Ed. p. 318.

It is counsel's claim that Alice Harvey was not deceased, insane, nor sick and unable to testify, and

was not kept away by the opposite party, and that, therefore, this is not any one of the exceptions pointed out by Justice COOLEY. This precise question was before this court in *People* v. *Schepps*, 217 Mich. 406, where the general rule and exceptions are interestingly discussed by Mr. Justice STEERE, and the conclusion there reached disposes of the question adversely to counsel's contention.

In the instant case, there is substantially no dispute as to the circumstances under which the witness was taken from the jurisdiction of the court, nor as to the efforts made by the prosecuting attorney to secure her attendance at the second trial. Without the knowledge of the prosecutor she was taken from the Children's Home in Muskegon, by defendant's brother, and removed to relatives somewhere in New Hampshire. The prosecuting attorney was a witness and testified that when he learned that she had been removed from the State he made diligent efforts to locate her but was unable to do so; that he took out a subpœna and placed it in the hands of the sheriff, and did everything that could be done to secure her attendance as a witness before the jury. The circuit judge was careful to ascertain these facts before permitting the testimony taken on the former trial to be used. He had before him the fact that, despite the diligence of the prosecuting attorney, the witness could not be produced in person to testify before the jury and that on the former trial, where the accusation was the same, she was fully cross-examined by defendant's counsel. Because of these facts, the following conclusion by Justice STEERE in *People* v. *Schepps*, *supra*, is applicable:

"In the instant case we find the important fact that the witness could not be produced to testify before the jury established without fault of the prosecution as positively as though she were ill, insane or dead. In this very case, upon the same issue at the preliminary

hearing, defendant was confronted by the witness and by his counsel availed himself of the opportunity for full cross-examination. Under the circumstances shown his right to be confronted by the witness was not abridged."

As a further reason for excluding this testimony counsel says that the prosecuting attorney failed to make any preliminary proof of the authenticity of the stenographer's minutes. The record shows that no objection was made to the testimony for this reason, and that the question is raised for the first time in this court. As was said in *People* v. *Peck,* 147 Mich. 84: "Under such circumstances, we must decline to consider the objection as a ground for reversal."

In his opening statement to the jury defendant's counsel said:

"We will show you, gentlemen of the jury, that since this case has been tried the father has talked with this girl, and that she has said, that this wasn't her story at all, that it was the story that Mrs. McVeagh made her say and then told her that she would have to stick to it in court."

When testimony in proof of this statement was offered the court excluded it. Counsel says this was error. It was not. Alice Harvey was not a party to the suit. The testimony was designed to impeach her and as no proper foundation had been laid by first interrogating her on the subject, the court very properly declined to receive it. The fact that she was absent and could not be interrogated has no bearing on the question.

George W. Harvey, the father, was a witness for defendant. He had previously been tried on the same charge and found guilty of the lesser offense. In his cross-examination in this case the prosecuting attorney, referring to an incident alleged to have taken place after the trial of the witness, asked the following question:

"*Q.* To refresh your recollection, do you remember her (Alice) standing up to you and putting her hands on your shoulders and saying: 'Father, how could you tell such a thing?'

"*A.* No, sir, no such thing."

The prosecuting attorney then called a witness for the purpose of impeaching him. Objection was made but the court permitted it. This was error. The matter on which George Harvey was interrogated was collateral, and they were bound by his answers. We think, however, that it was error without prejudice to the defendant. On an information charging him with statutory rape, George W. Harvey had been convicted of an assault upon his daughter. He had been a witness before the jury in his own behalf, and had told a story directly in conflict with that of the daughter. The jury did not believe him. When he took the stand in behalf of the defendant on this trial he had been thoroughly discredited by his conviction. Under such circumstances, it could hardly be expected that the jury would give much credit to his testimony. In view of these facts, we do not believe that his impeachment on the other and collateral matter had any influence with the jury in weighing his testimony. It was harmless error.

We have examined and considered all of the other questions discussed by counsel, but find no material error. The defendant had a fair trial.

The conviction must be affirmed.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.