PEOPLE *v.* FOLEY.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CORROBORATION—ABANDONMENT OF OBJECTION—NEW OBJECTION ON APPEAL.

On appeal in prosecution for accepting money from earnings of prostitute no consideration is given to objection of defendant to admission of unsworn statement which had previously been made by prostitute to special prosecuting attorney attached to a grand jury corroborative of testimony prostitute had given on direct examination where objection urged in trial court has been abandoned and entirely different objection now urged had not been made in trial court.

2. CRIMINAL LAW—WITNESSES—IMPEACHMENT.

In prosecution for accepting money from the earnings of a prostitute after defendant on direct examination had testified that she had been convicted of a prohibition violation and on cross-examination that she had been arrested at other times, it was no abuse of discretion on the part of the trial judge to permit further questioning as to previous arrests and convictions with the prostitute involved where the jury was instructed that such testimony was to test the credibility of

defendant as a witness, as on cross-examination it is proper to impeach testimony given by same witness on direct examination (Act No. 328, § 457, Pub. Acts 1931).

3. WITNESSES—QUESTION AS TO PREVIOUS CHARGE OF CRIME—IMPEACHMENT.

A witness may be asked if he has previously been charged with crime and his answers are admissible although, if the witness denies such accusation has been made, he may not be impeached because such matters are collateral.

Appeal from Recorder's Court for the City of Detroit; Gillis (Joseph A.), J. Submitted June 12, 1941. (Docket No. 60, Calendar No. 41,398.) Decided October 6, 1941. Rehearing denied January 6, 1942.

Susan Foley was convicted of knowingly accepting money from the earnings of a prostitute. Affirmed.

*Benjamin C. Stanczyk (George Schudlich,* of counsel), for appellant.

*Herbert J. Rushton,* Attorney General, *William E. Dowling,* Prosecuting Attorney, and *Ralph E. Helper,* Assistant Prosecuting Attorney, for the people.

BUTZEL, J. Defendant was convicted of receiving money from the earnings of Mary Miller, a prostitute, in violation of Act No. 328, § 457, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–457, Stat. Ann. § 28.712).

At the trial (June 3, 1940) Mary Miller was sworn as a witness for the people. On direct examination she testified that she had engaged in acts of prostitution in defendant's house, and had paid defendant one half of the regular charge she made for each act. On cross-examination this witness was confronted by defendant's counsel with statements made by her

on two previous occasions, one before the grand jury on January 8, 1940, and one before Judge Skillman at the preliminary examination in the case at bar on March 15, 1940, in which statements witness had denied that she had ever engaged in acts of prostitution in defendant's house, or ever given defendant any part of her earnings as a prostitute.

Thereupon a shorthand reporter attached to the one-man grand jury then being conducted in Detroit was introduced as a witness for the people, and he testified from his notes as to a statement made by the previous witness (the Miller woman) on January 4, 1940, before an assistant prosecuting attorney attached to the grand jury. This statement tended to corroborate the testimony of the witness Mary Miller given on direct examination on the trial, and conflicted with the two statements with which defense counsel had confronted her on cross-examination. Defendant's counsel objected to the statement of January 4, 1940, on the ground that the witness (the stenographer) was bound by oath to secrecy as to all proceedings before the grand jury. The witness explained that the statement was not grand jury testimony, but merely an information-giving disclosure, not under oath, made by the Miller woman to the special assistant prosecuting attorney. The court admitted the statement, and defendant, on appeal, has abandoned the objection made to it in the trial court.

For the first time on appeal, however, defendant now raises the entirely different objection to the admissibility of this statement that it was incompetent to corroborate the witness Miller, because it was hearsay, she was not hostile, and had not been impeached. Assuming that there is merit in the claim of law made by defendant's counsel, and that

the facts are as claimed by him, the legal question now raised will not be considered, since it was not raised in the trial court.  *People* v. *Moore,* 86 Mich. 134; *People* v. *Peck,* 147 Mich. 84; *People* v. *Harvey,* 220 Mich. 226.  See, also, collation of cases in 1 Gillespie, Michigan Criminal Law and Procedure, p. 791, § 661.

The second claim of error made by defendant relates to the admission of evidence of previous arrests of defendant, not resulting in convictions, for the purpose of impeaching her credibility as a witness.

On direct examination defendant testified that she had been convicted of a prohibition violation.  On cross-examination, when asked:

"*Q.*  How many times have you been arrested and convicted?"

She volunteered the reply:

"*A.*  Well, I don't know how many times I got arrested because they pick me up every time they come to the door, and I open up the door, and pick me up and take me for investigation.

"*Q.*  Investigation of what?

"*A.*  Well, I don't know.  They pick—they put me through a board of health, that is all I know."

Again, on being asked how many times she had been convicted out of a former home, she answered:

"*A.*  Out of that place?  Well, I don't know. You got to look up the record because I don't want to be lying."

No more damaging testimony could have been drawn out by further questions.  No objection was raised, nor is there any intimation that defendant did not understand the questions because of her poor knowledge of the English language.

On direct examination, she testified:

"I never saw Mary Miller do anything wrong at my place. She worked as a maid for me."

On cross-examination she admitted having been arrested with Mary Miller, but protested in explanation:

"I never was at home. What she ever make I don't know. What she ever do wrong steps I never see wrong steps that woman make in my place, not to do, I know."

She admitted having been arrested with this girl on one occasion. As to other arrests with the same girl, she stated:

"I don't remember. You got to look up the record; and I don't know."

All this went in without objection.
Following this, the question was asked:

"*Q.* How many times were you charged with being a bawdy house keeper, Mrs. Foley?
"*Mr. Bergen:* Well, I object to that, Your Honor.
"*A.* I don't know.
"*Mr. Bergen:* Just a minute.
"*A.* I don't know."

The jury was excused at the request of the prosecution. In the absence of the jury, and after discussion, the court ruled that the cross-examination was proper to impeach defendant's credibility in view of the fact that she had previously testified that she knew nothing about the Miller woman's conduct. However, all further questions were limited to occasions when defendant and Mary Miller had been arrested together.

The judge carefully instructed the jury that the only purpose for which they could consider the evi-

dence was to test the credibility of defendant as a witness, and that the fact that she had been arrested previously had nothing to do with her guilt or innocence in this case.

We are not dealing with the testimony of other witnesses introduced to impeach the credibility of a given witness, but with the testimony on cross-examination used to impeach testimony on direct examination of the same witness. Under the circumstances, it was within the discretion of the trial judge to permit cross-examination of this character within reasonable bounds. They were not exceeded; nor was there any abuse of discretion.

"One may be asked if he has been charged with crime and his answers are admissible although, if the witness denies such accusation has been made, he may not be impeached because such matters are collateral." *People* v. *MacCullough,* 281 Mich. 15, 27.

See, also, as to the permissibility of impeaching a witness on cross-examination by questions as to previous arrests, *Hamilton* v. *People,* 29 Mich. 173; *People* v. *Foote,* 93 Mich. 38; *People* v. *Statkiewicz,* 247 Mich. 260.

Other claims made by defendant have no merit whatever, and need not be discussed.

Conviction affirmed.

Sharpe, C. J., and Bushnell, Boyles, Chandler, North, Starr, and Wiest, JJ., concurred.