PEOPLE v. DI PAOLO.

CRIMINAL LAW—MISTRIAL—REFERENCE TO OTHER CRIMES—CREDI-
BILITY.
  Denial of mistrial in prosecution of hotel clerk for accepting
  money from the proceeds of a prostitute *held,* reversible error,
  where motion for mistrial followed repeated reference on
  cross-examination of defendant to police records of an alleged
  offense of rape in another State which had been denied by
  defendant and not established as having resulted in conviction
  by the people, and jury might have concluded defendant
  was falsifying here as well as with reference to other very
  serious crime, the determination as to defendant's credibility
  being of material importance (CL 1948, § 750.457).

Appeal from Recorder's Court of Detroit; Krause
(Paul E.), J. Submitted April 12, 1962. (Docket No.
67, Calendar No. 49,039.) Decided May 17, 1962.

Nick Di Paolo was convicted of receiving money
from earnings of prostitute. Reversed and re-
manded.

*Frank J. Kelley,* Attorney General, *Eugene
Krasicky,* Solicitor General, *Samuel H. Olsen,* Pros-
ecuting Attorney, *Samuel J. Torina* and *Angelo A.
Pentolino,* Assistant Prosecuting Attorneys, for the
people.

*Smith & Franklin* (*Gerald Franklin,* of counsel),
for defendant.

---

REFERENCES FOR POINTS IN HEADNOTE
58 Am Jur, Witnesses §§ 649, 868.

CARR, C. J.   Defendant appellant and another were tried and convicted in the recorder's court of the city of Detroit under an information charging that they did knowingly accept and receive a certain sum of money without consideration from the proceeds of a woman engaged in prostitution.   Said information was based on the provisions of CL 1948, § 750-.457 (Stat Ann 1954 Rev § 28.712).   At the time of the commission of the alleged offense appellant was a clerk in a certain hotel in the city of Detroit, and the other defendant was employed as a bell boy. The jury returned a verdict of guilty as to both defendants, sentence was imposed, and Di Paolo has appealed claiming that because of certain alleged prejudicial errors occurring in the course of the trial he should be granted a new trial.

Appellant was a witness in his own behalf, denying his guilt of the offense charged against him.   He was cross-examined at some length with particular reference to prior convictions.   That the people had the right to such cross-examination, if properly conducted, is not open to question, the purpose being to assist the jury in determining the credibility of defendant as a witness in his own behalf.   *People* v. *Foley,* 299 Mich 358; *People* v. *Finks,* 343 Mich 304 (51 ALR2d 934) ; CL 1948, § 617.63 (Stat Ann § 27-.912).   It is claimed in the instant case, however, that the assistant prosecutor in charge of the case exceeded the permissible scope of cross-examination, thereby depriving appellant of a fair trial.   The following excerpt from the record before us indicates the situation:

"*Q.* All right.   Now, you testified you had been in Erie, Pennsylvania, in 1950, is that correct?

"*A.* Yes, sir.   *   *   *

"*Q.* You also testified you had been convicted of only 1 crime, is that correct?

"*A.* Yes, sir.

"*Q.* I will ask you whether or not on the 23d day of November, 1940, you were convicted of rape in Erie, Pennsylvania?

"*A.* I was no convicted. I, — this is very important to me to make statement about this. I, —

"*Q.* The answer is either 'yes' or 'no.'

"*A.* No, sir.

"*Q.* So if the police records show that, they are wrong?

"*A.* Yes, sir."

After some further questions relating to defendant's past conduct counsel again referred to the alleged offense in Pennsylvania, and the following occurred:

"*Q.* You deny the rape in Pennsylvania?

"*A.* No deny. I was find no guilty. No rape.

"*Q.* So if the record shows you were convicted of rape in Pennsylvania, then this record is wrong?

"*A.* Yes, sir."

At this point the attorney representing the appellant's codefendant moved for a mistrial, apparently on the theory that the cross-examination was materially prejudicial to both of the accused men. The motion was denied and the trial proceeded, with the result indicated.

No attempt was made by the people to establish that Di Paolo had in fact been convicted of the crime of rape in the State of Pennsylvania. The question asked, coupled with the reference to the police records, was well calculated to cause the jury to conclude that such conviction had occurred and that police records showed such to be the fact. The jury might have concluded from the questions of the assistant prosecutor, and the subsequent repetition thereof, that appellant was falsifying with reference to the commission of a very serious crime in another State. As before stated, he denied his guilt of the offense charged against him in recorder's court,

his statements being directly in contradiction to the testimony of the principal witness against him, the alleged prostitute.  Obviously the determination as to appellant's credibility was of material importance. The conclusion may not be avoided that the question asked and repeated with reference to the police records constituted prejudicial error requiring the reversal of the conviction and the granting of a new trial.  *People* v. *Jones,* 293 Mich 409.

In view of the conclusion reached on the principal assignment of error, it is unnecessary to consider other claims advanced in appellant's behalf involving occurrences that in all probability will not be repeated on a new trial.

Reversed and remanded.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., did not sit.