PEOPLE *v.* HOFFMAN.

1. CRIMINAL LAW—CREDIBILITY OF WITNESS—PREVIOUS ARREST WITH-
OUT CONVICTION.
Prior arrest of a witness without conviction of a crime may be
shown for the purpose of testing the credibility of a person
charged with crime when he takes the witness stand in his own
defense (CLS 1961, § 600.2158).

2. SAME—INTERROGATION OF ACCUSED—ADVICE OF COUNSEL.
No reversible error was shown by reason of failure to provide
defendant with counsel when first arrested and interrogated
with respect to victim of homicide, where no request or denial
of counsel was shown, record discloses that when first specifi-
cally questioned about the crime with which he was charged,
he had already consulted counsel, and defendant fails to state
what testimony he would exclude because of the alleged im-
proper interrogation.

3. SAME—REMARKS OF PROSECUTOR.
Some allowance must be made for impromptu remarks made by
prosecuting officers in the haste and heat of a trial in a prose-
cution for crime and the remarks should not be held prejudicial
if made in good faith, and, when fairly construed, do not
appear to have been such as influenced the jury adversely to the
rights of the accused, the test being not whether there were
some irregularities in the trial but rather did the defendant
have a fair and impartial trial.

4. SAME—ARGUMENT TO JURY—INFERENCES.
Statement by prosecutor in final argument to jury that defendant
and victim of homicide "were involved in a ring of theft, and

REFERENCES FOR POINTS IN HEADNOTES
[1]   58 Am Jur, Witnesses § 754.
[2]   21 Am Jur 2d, Criminal Law § 314.
[3]   5 Am Jur 2d, Appeal and Error § 896.
[4]   53 Am Jur, Trial § 486.
[5]   5 Am Jur 2d, Appeal and Error §§ 797, 798, 801.

thievery that bound themselves together inextricably, fully in close association with one another" was a legitimate inference to be drawn from defendant's own testimony that he had sold some stolen property for the victim, hence, did not constitute reversible error.

5. SAME—PREJUDICE—EVIDENCE.
   Defendant, charged with murder, was not denied a fair trial by reason of testimony of "clean-cut" policemen who testified regarding their examination of defendant's car, where no evidence damaging to the defendant's position was found and relevancy and materiality of their testimony was not challenged.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted Division 2 June 9, 1965, at Lansing. (Docket No. 81.) Decided October 18, 1965.

Charles F. Hoffman was convicted of second-degree murder. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald L. Reisig,* Prosecuting Attorney, and *Leo A. Farhat,* Special Assistant Prosecuting Attorney, for the people.

*R. William Reid,* for defendant.

T. G. KAVANAGH, J. On November 9, 1963, the defendant, Charles F. Hoffman, shot and killed Marion Leo Bodo. Charged with first-degree murder, he pleaded self defense, and the jury returned a verdict of second-degree murder.

Defendant appeals, making five assignments of error:

First, defendant claims it was error for the prosecutor to ask defendant on cross-examination if he was presently under arrest for additional offenses.

The defendant admits that under the statute prior conviction of a crime may be shown to test the credibility of a witness, CLS 1961, § 600.2158 (Stat

Ann 1962 Rev § 27A.2158) but claims arrests without convictions may not be so shown. However, the Supreme Court in the case of *People* v. *Foley* (1941), 299 Mich 358, specifically allowed, on cross-examination, a showing of previous *arrests* in order to attack the credibility of the defendant testifying. In the case at bar, Hoffman was questioned on cross-examination about his previous arrests. In *Foley, supra,* the trial judge instructed the jury that the only purpose for which they could consider the evidence was to test the credibility of the defendant as a witness and that the prior arrests had nothing to do with the guilt or innocence of the defendant in the present case. The trial judge here instructed the jury in substantially the same manner. *Foley* allows the examination in the sound discretion of the trial judge. The first question raised by defendant is without merit.

Next, defendant says it was error to fail to provide defendant with counsel when first arrested November 20, 1963.

The defendant maintains that his constitutional rights were violated because (1) he was interrogated from November 20th to November 29th about Bodo while under arrest on another charge and (2) that counsel was not present while he was being interrogated. Under the authority of *Escobedo* v. *State of Illinois* (1963), 378 US 478 (84 S Ct 1758, 12 L ed 2d 977), defendant, therefore, argues that no statement elicited by the police during the interrogation may be used against him at his trial.

The defendant claims his arrests were by way of subterfuge to interrogate him. There is no proof of this allegation. There was no attempt to contradict testimony to the effect that Hoffman was questioned *generally* about Bodo on November 20th and that the next interrogation about Bodo was at Hoffman's

request through his attorney, on November 29th. Defendant does not state the testimony he would exclude because of the alleged improper interrogation.

We do not agree with the defendant's interpretation of *Escobedo*. As we read it, *Escobedo* holds it is a denial of due process to deny defendant's request for counsel. No *request and denial* was shown here. On the contrary it appears that when first specifically questioned about the crime with which the defendant was here charged defendant had already consulted counsel. No reversible error is shown here.

Defendant next claims error in that certain "smart remarks" of the prosecutor prevented him from having a fair trial.

Upon a reading of the remarks in context it is clear that no instance separately or all cumulatively could constitute reversible error.

In *People* v. *Burnstein* (1933), 261 Mich 534, the Court stated at page 538:

"Great care should be taken by prosecuting officers and trial courts that no statement be made in the presence of jurors which would jeopardize a defendant's right to a fair trial. But in the haste and heat of a trial it is humanly impossible to obtain absolute perfection, and of necessity some allowance must be made in determining whether impromptu remarks are to be held prejudicial. Statements should not be held prejudicial if they are made in good faith, and, when fairly construed, they do not appear to have been such as influenced the jury adversely to the rights of the accused."

*Burnstein, supra,* is quoted with approval in *People* v. *Logie* (1948), 321 Mich 303, wherein Justice BUSHNELL stated (p 313):

"The test is not whether there were some irregularities but instead did the defendants have a fair and impartial trial."

The defendant maintains that reversible error was committed when the prosecuting attorney stated:

"Certainly it must be clear that Charles Hoffman and Marion Leo Bodo were involved in a ring of theft, and thievery that bound themselves together inextricably, fully in close association with one another for better than 52 days."

In support of his position the defendant cites the case of *People* v. *Jones* (1940), 293 Mich 409. In the *Jones Case* the Supreme Court held it to be reversible error for the prosecution to so phrase a question during cross-examination of defendant as to carry with it an intimation that defendant had committed acts of extortion.

The case at hand is clearly distinguishable from the *Jones Case*. Here the prosecuting attorney asked:

"*Q.* Were you in business together?
"*A.* No, sir.
"*Q.* You were not in business together?
"*A.* I sold some—some stolen TV's for him, yes."

Hoffman made the damaging statement himself.

In final argument the prosecuting attorney used the fact testified to by Hoffman and drew from that testimony an inference. The prosecuting attorney may draw such inferences with propriety. *People* v. *Morlock* (1925), 233 Mich 284; *People* v. *Adams* (1920), 212 Mich 452.

The last assignment of error asserted that the defendant was deprived of a fair trial because the policemen called as witnesses were so "clean-cut" as to prejudice the jury. The record discloses no objection to their testimony or their appearance. They

testified regarding the examination of the decedent's auto for evidence. No evidence damaging to the defendant's position was found. While the relevancy and materiality of their testimony might have been challenged the record shows it was not and accordingly discloses no reversible error in this regard.

Affirmed.

J. H. GILLIS, P. J., and QUINN, J., concurred.