PEOPLE v LUONI

CRIMINAL LAW—DEFENDANT TESTIFYING—PRIOR CONVICTIONS.
  A prosecutor may not repeatedly question a criminal defendant's
  denial of past convictions unless the prosecutor introduces
  rebuttal testimony tending to prove that defendant had a prior
  conviction record.

Appeal from Recorder's Court of Detroit, Joseph
E. Maher, J. Submitted Division 1 April 6, 1972, at
Detroit. (Docket No. 12603.) Decided May 1, 1972.

John Luoni was convicted of assault with intent
to rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Gregory J. Stempien,* for defendant on appeal.

Before: LEVIN, P. J., and BRONSON and VAN
VALKENBURG,* JJ.

PER CURIAM. Defendant was convicted by a
judge sitting as a trier of fact in the Detroit
Recorder's Court of assault with intent to rape.
MCLA 750.85; MSA 28.280. He was sentenced to a

REFERENCE FOR POINTS IN HEADNOTE
30 Am Jur 2d, Evidence § 1175.
  * Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

term of nine to ten years in prison. He appeals of right.

At trial, defendant took the stand on his own behalf. Upon both direct and cross-examination he denied ever having been convicted of a crime and ever having used an alias. The following colloquy occurred during cross-examination:

"*Q.* What would you say if I told you, sir, that I have in my hand a four-page record of your prior criminal convictions under those names, sir, and that your fingerprints match those fingerprints of the men under those three names, what would you say to that, sir?

"*A.* Well, I would say it's not me for the simple reason I have never been fingerprinted.

"*Q.* Would you be willing to say that it was a fantastic coincidence that your fingerprints would match the fingerprints of those three other human beings?

"*Mr. Rubin:* I must object to any further questioning along these lines, unless you can bring in competent proof, competent direct proof and set a foundation for what you're talking about. The defendant—

"*The Court:* The defendant has denied it. I have—

"*Mr. Galligan:* I will go on.

"*The Court:* Sustain the objection."

The prosecutor ceased this line of questioning but later called Fred Felix as a rebuttal witness. Officer Felix had been an employee in the Detroit Police Department Identification Bureau for 15 years. He testified that he had compared defendant's fingerprints with those on a card sent by the FBI; that the prints matched; that the prints on the FBI card were those of a man known by several aliases, all of which defendant had denied using and that the record indicated that defendant had a prior conviction record. The only foundation laid for this testimony was Felix's long employ-

ment in the identification bureau. No objection to his testimony was raised.

It is clear that a defendant who testifies in his own behalf subjects himself to cross-examination with respect to prior convictions. *People v Foley,* 299 Mich 358 (1941); MCLA 600.2159; MSA 27A.2159. It is also true that the prosecutor may not repeatedly question a defendant's denial of past convictions without substantiating the inferences and innuendoes such questions raise. *People v Di Paolo,* 366 Mich 394 (1962); *People v Jones,* 32 Mich App 309 (1971). That is not the case here. Unlike *Di Paolo* and *Jones,* the prosecutor introduced rebuttal testimony tending to prove that defendant had a prior conviction record. Defendant counters with the argument that Officer Felix's testimony was incompetent to impeach him as no foundation was laid for it. As no objection was raised to this testimony below, we will not consider an issue raised for the first time on appeal.

Affirmed.