PEOPLE v THERRIEN

Docket Nos. 78-1673, 78-1674. Submitted November 16, 1979, at Detroit.—Decided December 20, 1979.

Francis R. Therrien was convicted of two counts of third-degree criminal sexual conduct in the Monroe Circuit Court, James J. Kelley, Jr., J. Defendant appeals, alleging error in the admission of certain testimony. *Held:*

While the defendant failed to preserve the issue for appeal by making a timely objection, the Court of Appeals will consider manifest and serious error to prevent fundamental injustice even absent such an objection. The evidence complained of included testimony by an investigating officer that the complainants' testimony at trial was consistent with their previous statements to him. Since there was no claim of recent fabrication, allowing their testimony to be bolstered by their prior consistent statements was error. The error was fundamental since the complainants' testimony was the only evidence establishing that a crime had been committed.

Reversed and remanded.

1. TORTS — CRIMINAL LAW — EVIDENCE — ADMISSIBILITY — PRESERVING QUESTION.

The Court of Appeals will consider the issue of the admissibility of testimony for manifest and serious error to prevent fundamental injustice, even absent a timely objection at trial.

2. CRIMINAL LAW — EVIDENCE — PRIOR CONSISTENT STATEMENTS — APPEAL.

It was fundamental error mandating a new trial even in the absence of a timely objection for a trial court to allow the bolstering of a complainant's testimony by a showing that it was consistent with prior statements where there was no allegation of recent fabrication and the complainant's testimony was the sole evidence establishing that a crime had been committed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 548, 549.
[2] 81 Am Jur 2d, Witnesses §§ 641-643.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Michael W. LaBeau,* Prosecuting Attorney, and *William F. Lavoy,* Assistant Prosecuting Attorney, for the people.

*James Krogsrud,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. B. BURNS, P.J., and M. F. CAVANAGH and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Defendant was charged with one count of first-degree criminal sexual conduct, MCL 750.520(b); MSA 28.788(2), and one count of third-degree criminal sexual conduct, MCL 750.520(d); MSA 28.788(4). He was jury convicted of two counts of third-degree criminal sexual conduct. Thereafter sentenced to 10 to 15 years imprisonment for each conviction, to be served concurrently, he now appeals as of right.

Defendant first contends that the trial court erred in admitting testimony which bolstered complainants' credibility. The testimony in question includes: 1) repeated affirmance on direct examination by complainants of the truth of their testimony; 2) testimony by a town constable that another unidentified person had contacted him regarding the charged offenses; 3) testimony by an investigating officer that the complainants' testimony at trial was consistent with their previous statements to him.

While defendant failed to preserve this issue for appeal by timely objection at trial, this Court will nevertheless consider manifest and serious error to prevent fundamental injustice even absent such objection. *People v Holmes,* 292 Mich 212; 290 NW 384 (1940), *People v Dorrikas,* 354 Mich 303; 92 NW2d 305 (1958), *People v Larry Goodwin,* 40

Mich App 709; 199 NW2d 552 (1972). Although we do not find any manifest or serious error in complainants' affirmance on direct examination of the truth of their testimony we do find the constable's testimony to be hearsay. *People v Hallaway,* 389 Mich 265, 275; 205 NW2d 451 (1973). Moreover, since there was no claim of recent fabrication by defendant, allowing their credibility to be bolstered by their prior consistent statements was error. *Brown v People,* 17 Mich 429 (1868), *Stewart v People,* 23 Mich 63 (1871), *People v Purman,* 216 Mich 430; 185 NW 725 (1921), *People v Hallaway, supra, People v Coles,* 79 Mich App 255; 261 NW2d 280 (1977), *People v Harris,* 86 Mich App 301; 272 NW2d 635 (1978). Since complainants' testimony was the sole evidence to establish that a crime had been committed, the bolstering testimony might well have tipped the scales, in the minds of the jury, from innocent to guilty. Such error, in our minds, constituted a fundamental injustice and we therefore reverse.

Defendant's final contention is that the trial court erred in allowing statements in arguments of counsel as to complainants' social and economic position. Defendant also failed to preserve this issue for appeal by timely objection. While error may indeed have occurred, the prejudicial effect on defendant was not so great as to produce fundamental injustice.

Reversed and remanded for a new trial.