PEOPLE v PEARSON

Docket No. 56966. Submitted October 5, 1982, at Grand Rapids.—
Decided February 24, 1983.

Owen R. Pearson was convicted by a jury in the Muskegon
Circuit Court, Ronald H. Pannucci, J., of burning real property.
Defendant appeals alleging error was committed when the
prosecutor questioned him on cross-examination regarding the
value of the liquor license for his burned restaurant. *Held:*

The defendant had previously adduced evidence regarding
the value of the liquor license, therefore, the prosecutor's cross-
examination was based on prior evidence and was not an
impermissible injection of innuendo into the proceedings.

Affirmed.

MACKENZIE, J., dissented and would hold that the prose-
cutor's question on cross-examination was improper testimonial
questioning. She would also hold that the prosecutor's closing
argument contained assertions of facts not in evidence and
representations to the jury based on his personal knowledge.
Although no objection was made to the prosecutor's argument,
she would find it to be manifest and serious error resulting in a
fundamental injustice and would reverse and remand for a new
trial.

OPINION OF THE COURT

1. CRIMINAL LAW — TRIAL — QUESTIONING BY PROSECUTOR — IN-
NUENDOS.

A prosecutor may not attempt to inject unfounded prejudicial
innuendo into the proceedings, however, where a prosecutor's
question is based upon prior testimony it is not an impermissi-
ble injection of innuendo.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 75 Am Jur 2d, Trial § 251.

[3] 75 Am Jur 2d, Trial § 257.

[4] 5 Am Jur 2d, Criminal Law § 548.

2. TRIAL — CRIMINAL LAW — IMPROPER TESTIMONIAL QUESTIONING —
   QUESTIONING BY PROSECUTOR.
   *A prosecutor's questioning of a defendant on cross-examination
   regarding whether the defendant was aware that a liquor
   license in the community had a value of approximately $25,000
   to $30,000 was improper testimonial questioning by the prose-
   cutor where no evidence was ever introduced from which it
   could be inferred that the fair market value of a liquor license
   in the community was approximately $25,000 or $30,000.*

3. CRIMINAL LAW — TRIAL — PROSECUTOR'S ARGUMENT — REPRESEN-
   TATIONS BY PROSECUTOR.
   *A prosecutor may not assert facts not in evidence in his argu-
   ment and may not make representations to the jury based on
   his personal knowledge where he is not testifying as a witness.*

4. APPEAL — FUNDAMENTAL INJUSTICE — PRESERVING QUESTION.
   *The Court of Appeals will reverse when confronted with manifest
   and serious error resulting in a fundamental injustice although
   no objection was made to such error in the trial court.*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Gerald D. Warner,* Pros-
ecuting Attorney, and *Judith K. Simonson,* Senior
Assistant Prosecuting Attorney, for the people.

*Vander Ploeg, Mullally & Grimm* (by *Jack M.
Grimm),* for defendant.

Before: R. B. BURNS, P.J., and MACKENZIE and
T. L. BROWN,* JJ.

PER CURIAM. Defendant was convicted by a jury
of burning real property, MCL 750.73; MSA
28.268. He appeals and we affirm.

The prosecution's case consisted entirely of cir-
cumstantial evidence. The prosecutor's theory of
the case was that defendant had set fire to his
restaurant in order to get out of debt. Although
defendant could not have received any insurance
proceeds from the fire, because his indebtedness

---

* Circuit judge, sitting on the Court of Appeals by assignment.

exceeded his coverage, the prosecution argued that defendant would have benefited by disposing of many of his financial obligations while retaining the real estate and the restaurant's liquor license.

Defendant claims that the prosecutor committed error by questioning him regarding the value of the liquor license. Specifically, on cross-examination, the prosecutor asked defendant over defense counsel's objection:

"Are you aware, Mr. Pearson, that currently, in this community, a liquor license—just the license itself—is of a value of approximately 25 to 30 thousand dollars?"

Defendant stated that he believed he paid $5,000 for the "good will" of the business, meaning the liquor license. Following this answer, the defendant acknowledged that defense exhibit "A", the closing statement from the purchase of the business, reflected that defendant had paid $30,000 for "personal property and good will".

The prosecution may not attempt to inject unfounded prejudicial innuendo into the proceedings. *People v DiPaolo,* 366 Mich 394; 115 NW2d 78 (1962); *People v Moreno,* 112 Mich App 631; 317 NW2d 201 (1981). However, if a prosecutor's question is based upon prior testimony, it is not an impermissible injection of innuendo. *People v Williams #2,* 45 Mich App 630; 207 NW2d 180 (1973); *People v Morrin,* 31 Mich App 301; 187 NW2d 434 (1971).

Because defendant had previously adduced evidence regarding the value of the liquor license, the prosecutor's cross-examination in the instant case was based on prior evidence and was not improper. Therefore, no error occurred.

Affirmed.

MACKENZIE, J. *(dissenting).* I respectfully dissent. A crucial issue in this case was motive, because the insurance coverage on the destroyed restaurant was $6,000 less than the amount defendant owed for the purchase of the property. Over objection, the prosecutor was allowed to ask the following question on cross-examination of defendant:

"Are you aware, Mr. Pearson, that currently, in this community, a liquor license—just the license itself—is of a value of approximately 25 to 30 thousand dollars?"

No evidence was ever introduced from which it could be inferred that the market value of a liquor license in the community was approximately $25,-000 or $30,000. We are therefore confronted with improper testimonial questioning by the prosecutor analogous to that condemned in *People v Besonen,* 4 Mich App 131, 139-141; 144 NW2d 653 (1966), and *People v Brocato,* 17 Mich App 277, 295; 169 NW2d 483 (1969).

The majority relies on the closing statement from defendant's purchase of the restaurant, which had been introduced as a defense exhibit and which indicated that $30,000 of the purchase price was paid for "personal property and good will". However, it was not until after the foregoing question was asked that evidence was introduced that "good will" in this context meant the liquor license. Moreover, defendant testified subsequently that only $5,000 of the $30,000 was for the liquor license, the rest apparently being for "personal property". Nothing introduced previous to or subsequent to the disputed question supported an inference that all, or nearly all, of the $30,000 listed under "personal property and good will" was for the liquor license, much less the leap to the

conclusion that such a figure represented the fair market value of a liquor license in the community.

Even assuming, however, that such cross-examination can somehow be justified, no justification appears for the following remarks by the prosecutor in closing argument:

"And what about that liquor license? He would still have that, wouldn't he? He would still have a liquor license worth about $30,000. He would still have that, and he would be out from underneath all these debts—his overwhelming obligations. So there's plenty of grounds for motive."

The majority ignores the foregoing argument, although it has been properly assigned as error in defendant's brief on appeal. Even if defendant's testimony were found to be totally incredible, defendant's denial would not support an inference that a liquor license was worth $30,000. *Mazur v Blendea,* 413 Mich 540, 547; 321 NW2d 376 (1982). A prosecutor may not assert facts not in evidence in his argument and may not make representations to the jury based on his personal knowledge unless he testifies as a witness. *Berger v United States,* 295 US 78, 88-89; 55 S Ct 629; 79 L Ed 1314 (1935); *People v Dane,* 59 Mich 550; 26 NW 781 (1886); *People v Williams,* 159 Mich 518, 522; 124 NW 555 (1910); *People v Ignofo,* 315 Mich 626, 631-636; 24 NW2d 514 (1946).

Although no objection was made to the argument at issue, this Court will reverse even absent objection when confronted with manifest and serious error resulting in fundamental injustice. *Ignofo,* pp 634-636; *People v Therrien,* 97 Mich App 633, 634; 296 NW2d 8 (1979). Because motive was such a crucial issue in this case, the argument presents such error.

I would reverse and remand for a new trial.