PEOPLE v HORSFIELD

Docket No. 54157. Submitted November 15, 1983, at Detroit.—Decided February 7, 1984.

Vern E. Horsfield was convicted of receiving and concealing stolen property over the value of $100, Wayne Circuit Court, Maureen Pulte Reilly, J. Defendant appealed, alleging error in allowing the admission of evidence of guilty pleas by witnesses involved with defendant in the criminal enterprise and in allowing the admission of evidence of defendant's reputation for buying stolen property. *Held:*

1. Evidence of the conviction of a witness involved in the criminal enterprise with which a defendant is charged is not admissible to show that no consideration was offered for the witness's testimony. A prosecutor is not obliged to show that no consideration was offered to the witness, but only to disclose any consideration offered or received.

2. It is improper in a trial for receiving and concealing stolen property for a prosecutor to impeach a defendant who has placed his reputation for honesty at issue with evidence of his reputation for buying stolen property.

Reversed.

1. CRIMINAL LAW — WITNESSES — PLEA BARGAINS — CONVICTION OF WITNESSES.

Evidence of the conviction of a witness involved in the criminal enterprise with which a defendant is charged is not admissible for a showing that no consideration was offered for the witness's testimony; a prosecutor is not obliged to show that no consideration was offered to the witness, but only to disclose any consideration offered or received.

2. CRIMINAL LAW — IMPEACHMENT — REPUTATION — RULES OF EVIDENCE.

It is improper in a trial for receiving and concealing stolen

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 221.

81 Am Jur 2d, Witnesses §§ 522, 560.

[2] 66 Am Jur 2d, Receiving and Transporting Stolen Property § 27.

81 Am Jur 2d Witnesses § 563.

property for a prosecutor to impeach a defendant who has placed his reputation for honesty at issue with evidence of his reputation for buying stolen property (MRE 404[a], 405[a]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek),* for defendant on appeal.

Before: WAHLS, P.J., and D. E. HOLBROOK, JR., and R. E. ROBINSON,* JJ.

PER CURIAM. Defendant appeals as of right from a conviction of receiving and concealing stolen property over the value of $100, MCL 750.535; MSA 28.803. Defendant was sentenced to one year probation with the first 60 days to be served in the Detroit House of Correction.

Essentially the testimony at trial revealed that Steven Gizowski's house had been broken into and that two shotguns and a rifle were among the things taken. David Boston, Roberto Gonzales, and Michael Bering each testified that the three of them broke into the Gizowski house and took the guns and later sold them to defendant. In his own defense, defendant testified that he purchased the guns from all three boys (Boston, Gonzales, Bering) but that he was told that the guns belonged to Gonzales. Additional facts where necessary will be included in a discussion of the issues.

First, defendant claims he was denied a fair trial because evidence of guilty pleas of witnesses involved in the criminal enterprise with defendant

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

was admitted. At trial each of the three boys involved in the burglary testified on direct examination by the prosecutor that they had committed a number of other "B & E's" and pled guilty to attempted B & E in just one case. The officer in charge of the case also testified on direct examination by the prosecutor that all three boys pled guilty to attempted burglary in exchange for the police closing the files pursuant to police "clean-up procedure" on 11 other B & E's which they had committed.

We agree with defendant that the trial court reversibly erred in admitting evidence of the guilty pleas. See *People v Lytal,* 415 Mich 603, 612; 329 NW2d 738 (1982), where the Michigan Supreme Court, in reversing the Michigan Court of Appeals, *People v Lytal,* 96 Mich App 140; 292 NW2d 498 (1980), held:

"It is an established rule of law that the conviction of another person involved in the criminal enterprise is not admissible at defendant's separate trial. The prosecutor defends the admission of this evidence on the ground that under the rule of *People v Atkins,* 397 Mich 163; 243 NW2d 292 (1976), he was obliged to show the nature of any consideration offered for the testimony of Diaz and Tackleberry.

"Diaz and Tackleberry testified, however, that no promises were made to them—there was no consideration.

"The prosecutor is not obliged to show that no consideration was offered for a witness's testimony or, indeed, whether the witness, if charged and if an accomplice, was convicted or acquitted. The prosecutor is only obliged to disclose any consideration offered to or received by the witness. That can be done without adverting to whether the witness was, if charged, convicted." (Footnotes omitted.)

Second, defendant claims that the trial court erred in admitting improper character evidence. We agree. At trial defendant presented two witnesses to testify as to defendant's reputation. The testimony of the first reputation witness was stricken after the prosecutor established on cross-examination that the witness had not actually had discussion in the community regarding defendant's reputation for honesty. The second reputation witness, Mr. MacDonald, testified that defendant had a reputation for honesty.

The prosecution called David Boston as a rebuttal witness. His testimony in pertinent part was as follows:

"*Q. [Prosecutor]:* Mr. Boston, you are still under oath.

"Are you familiar with the reputation of the defendant, Mr. Horsfield, for honesty?

"*A.* Yes, sir.

"*Q.* Are you in particular familiar with the defendant's reputation with regard to stolen goods?

"*A.* Yes, sir.

"*Q.* What is that reputation?

"*A.* Other people have told me.

"*Q.* I am only asking you what is his reputation?

"*A.* For buying stuff?

"*Q.* Yes—what is it?

"*A.* Stolen property.

"*Q.* What is his reputation in regard to stolen property? Does he have the reputation of someone who buys stolen property?

"*A.* Yes, sir.

"* * * Thank you very much. Your witness."

MRE 404(a) states: "Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same."

MRE 405(a) states in pertinent part: "In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation."

While defendant put into issue his reputation for honesty and the prosecutor was allowed to rebut the same, we hold that the prosecution went beyond merely refuting defendant's reputation for honesty. Evidence of the reputation of buying stolen property was an improper refutation of defendant's reputation for honesty. *People v Beets,* 105 Mich App 350, 355; 306 NW2d 508 (1981); *People v Chaplin,* 412 Mich 219, 224-226; 313 NW2d 899 (1981).

The foregoing being dispositive, we need not address defendant's remaining allegations of error, which we have reviewed and find to be without merit. See *People v Harris,* 82 Mich App 135, 137; 266 NW2d 477 (1978); *People v Hampton,* 407 Mich 354, 368, 377; 285 NW2d 284 (1979); *People v Golochowicz,* 413 Mich 298; 319 NW2d 518 (1982); *People v Duncan,* 402 Mich 1, 14; 260 NW2d 58 (1977); *People v Wilbert,* 105 Mich App 631; 307 NW2d 388 (1981).

Reversed.