THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v. JOHN O'CONNELL, APPELLANT.

> 60h 109
> 173 NY³136

*Crimes — assault in the first degree — an attempt to commit such a crime authorizes imprisonment for a term not exceeding one-half the longest sentence prescribed for the crime — Penal Code, secs. 220, 686, sub. 2.*

A prisoner was indicted for an assault in the first degree, the penalty for which is imprisonment for not less than five nor more than ten years. He was permitted to plead guilty of an attempt to commit such an assault and was sentenced to imprisonment for five years. It did not appear from the plea how the attempt was made.

*Held*, that the court would infer that it had been made in some manner in which the crime could be committed.

That an approach with the intent to commit the assault, although not near enough to enable it to be committed, would constitute an attempt to commit an assault.

That the sentence and conviction were legal under the Penal Code, making the attempt to commit a crime punishable by imprisonment for not more than half the longest time prescribed for the punishment of the crime attempted to be committed.

APPEAL by the defendant John O'Connell from a judgment, rendered in the court of General Sessions of the Peace, held in and for the city and county of New York on the 12th day of December, 1890, whereby he was convicted of an attempt to commit an assault in the first degree, and was directed to be imprisoned in the State prison at hard labor for the term of five years.

*Purdy & McLaughlin*, for the appellant.

*McKenzie Semple*, assistant district attorney, for the People.

LAWRENCE, J. :

The prisoner was indicted for the crime of assault in the first degree, committed as follows :

"The said John O'Connell, late of the city of New York, in the county of New York aforesaid, on the second day of November, in the year of our Lord one thousand eight hundred and ninety, with force and arms, at the city and county aforesaid, in and upon the body of one Thomas Daly, in the peace of the said People then and there being, *feloniously did make an assault on him*, the said Thomas Daly, with a certain axe, which the said John O'Connell in his right hand then and there had and held, the same being a deadly and dangerous weapon, then and there willfully and feloniously did strike, beat, cut and wound him, the said Thomas Daly, thereby then and there feloniously and wilfully to kill, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity."

There was also a second count in the indictment, charging an assault in the second degree. The prisoner upon being arraigned upon the said indictment, on the 4th day of December, 1890, pleaded not guilty. On the 8th of December, 1890, the prisoner, by leave of the court and the consent of the district attorney, and being represented by counsel, withdrew the plea of not guilty, " by him heretofore pleaded, and now pleads guilty of an attempt to commit assault in the first degree."

On December 12, 1890, he was arraigned at the bar and the district attorney moved for judgment against him. He was asked what he had to say why judgment should not be pronounced against him, according to law, and he having stated that he had nothing further to say than what he hath heretofore said, it was ordered and adjudged that the said John O'Connell, for the felony aforesaid, of which he was convicted, be imprisoned in the State prison, at hard labor, for the term of five years.

It is now objected that the judgment appealed from is absolutely void on the ground that there is no such offense known to the law as an attempt at assault in the first degree. It is very obvious, from a perusal of the record, that the defendant intended to plead guilty of the commission of a very grave offense. It is also obvious that the indictment charged distinctly and specifically in its first count

that the defendant had committed an assault in the first degree upon the body of Thomas Daly. The count is in proper form, and it is not challenged as correctly stating a crime defined by the Penal Code. (See § 217.)

This appeal is based upon the assumption that the district attorney and the court were led, by a false and delusive statement of the prisoner's counsel, into acccepting a plea of guilty to a crime unknown to the law; and the deduction is, therefore, claimed, that the prisoner having confessed to the commission of an act most reprehensible in its character, should be allowed to escape, upon a pure technicality, from the consequences of his own confession. If such a result is required by the law, the court must so determine, but after carefully examining the record in the case and the authorites cited, we do not think that the law requires the court to countenance the absurdity of the defendant's using his own wrong to escape punishment for a most grievous offense.

It is perfectly well settled in this State that a defendant may, in a criminal case, waive any irregularity which may occur upon the trial. As was said by Earl, J., in *Pierson v. The People, etc.* (79 N. Y., 429), "A prisoner may waive a trial by jury and plead guilty; he may waive a plea of *autre-fois acquit* by not interposing it or withdrawing it; he may waive or withdraw a challenge to a juror; he could waive his right to have a challenge of a juror for favor tried by triers, and consent that it be tried by the court; he may waive objections to improper or incompetent evidence; in a Court of Special Sessions he may waive a trial by jury and be tried by the court; he may waive a challenge to the array of jurors by a challenge to the polls; he could consent to the separation of the jury during the trial, when such separation, without such consent, would be ground of error. A man cannot legally be indicted and tried as accessory to a felony until the principal be convicted; and yet, if he go to trial without insisting on the objection, he is held to have waived it. (*People v. McKay*, 18 Johns., 212; *People v. Mather* 4 Wend., 229, 245, 246; *People v. Rathbun*, 21 id., 509, 542; *Stephens v. People*, 19 N. Y., 549, 563; *Gardiner v. People*, 6 Parker's Cr. R., 155.) In *People v. Rathbun*, Cowen, J., said: "The prisoner may even waive his right to a trial at the hands of a jury on the merits by pleading guilty. Having this power, no one will pretend that he

cannot consent to anything less. He may waive any matter of form or substance, excepting only what may relate to the jurisdiction of the court." (See, also, *People* v. *Cignarale*, 110 N. Y., 32; 1 Bishop on Crim Law [3d ed.], § 18.)

We are of opinion, therefore, that as the defendant voluntarily entered the plea of guilty in this case, and has made no motion in arrest of judgment, nor taken any steps to correct an error, if any error existed, which was created by his own act, it is too late for him now to complain of any informality in either his plea or sentence. (See, also, as to attempts to commit a crime, *People* v. *Bush*, 4 Hill, 132; *McDermott* v. *People*, 5 Parker's Cr. R., 102.) But we are of the opinion, further, that no error was committed in either the plea or in the sentence. Common sense, and not ultra refinement and nicety of criticism, should be applied in construing the defendant's plea. While the utmost care should be taken in criminal cases to preserve the rights of the accused, he should not be allowed upon specious pretext and cunningly devised expressions to mean one thing and say another. Of what did the defendant really plead guilty in this case? Of a crime, or of the shadow of a crime? Not the latter. If such had been the understanding of the parties as to the nature of the defendant's plea it would not have been received. He stood at the bar, indicted for a serious crime, with the district attorney ready to proceed with the trial. Voluntarily he dispenses with the necessity of that trial by a plea of guilty. A plea of guilty of what crime? Of what offense? Obviously a plea of guilty of the crime for which he stood indicted under the first count of the indictment, *i. e.*, the crime of assault in the first degree, as charged in the indictment. Of an assault upon Thomas Daly with a deadly and dangerous weapon, to wit, an axe. It was to this indictment that the prisoner, by a fair interpretation of his plea, pleaded guilty, and the court would be doing violence to language, in our opinion, to hold otherwise.

The necessary result of these views is that the judgment of the Court of General Sessions was correct and should be affirmed.

DANIELS, J. :

The defendant was indicted for feloniously making an assault with an axe upon Thomas Daly, and striking, beating, cutting and

wounding him, and thereby intending to kill him. And he was permitted, with the assent of the district attorney, to plead guilty of an attempt to make such assault, and was thereupon sentenced to imprisonment in the State prison for the term of five years. If he had been convicted of the offense charged, his imprisonment would be not less than five nor more than ten years. (Penal Code, § 220.) And for the attempt to commit the crime charged he was punishable for not more than half the longest time prescribed for the punishment of the crime attempted to be committed. (Id., § 685, subd. 2.) His punishment, therefore, will not exceed that to which he subjected himself by his plea, if the act confessed by him has been made a crime by the laws of the State. And if that was within the crime charged in the indictment, he could regularly be convicted of it under this indictment. For upon an indictment for a crime the defendant may be convicted of an attempt to commit the crime charged. (Id., § 35.)

In support of the appeal the objection has been raised that there is no such crime as an attempt to commit an assault in the first degree, which is an assault with a loaded fire-arm, or any other deadly weapon, or by any other means or force likely to produce death, with the intent to kill the person assaulted. (Penal Code, § 217.) To consummate this offense the law requires that the assault shall be actually made. And to make an assault it is necessary that the accused shall appear to have struck " at another with a stick or other weapon, or without a weapon, though the party striking misses his aim. So, drawing a sword or bayonet, or even holding up the fist in a menacing manner, throwing a bottle, or glass with intent to wound, or strike ; presenting a gun at a person who is within the distance to which the gun will carry ; pointing a pitchfork at a person who is within reach, or any other similar act, accompanied with such circumstances as denote at the time an intention, coupled with a present ability, of using actual violence against the person of another." (1 Russell on Crimes [8th Am. ed.), 750.) This statement of the law includes assaults as they may be variously committed, and its correctness is sustained by the authorities. (*People v. Ryan*, 8 N. Y. Supp., 241.) And in its application to the present appeal it was essential to the crime, as it was charged in the indict-

ment, that the defendant should have struck at his adversary with the axe within reaching distance, for, if he did not, there would be manifestly no completed assault. Whether the assault charged be made by means of a fire-arm, or any other deadly weapon, it is necessary for the creation of the crime that the person intended to be assailed shall not be so far from the intended assailant as to be beyond all possibility of injury from him.

But that is not an essential circumstance in the case of an attempt. For the assailant may load a fire-arm, and then start towards the person to be assailed in order to attain reaching distance of him, or when the assault is intended to be made with an axe, which is the weapon mentioned in the indictment, the accused may obtain and raise it, intending to strike with it, when too far away from the person intended to be struck, and then approach towards that person and be intercepted before he can reach a position of danger to him, which would be an attempt to commit the crime charged. Each act would be an attempt to commit the crime charged, for " an act done with intent to commit a crime, and tending, but failing to effect its commission, is an attempt to commit that crime." (Penal Code, § 34.) For a person who provides himself with an axe with which he intends to kill another, and afterwards approaches towards him to make that use of it, but is prevented from doing so by the flight of the other, or by being himself disarmed, or otherwise prevented from reaching his intended victim, commits acts tending to effect the commission of the crime, within the language of this section of the Code. They are steps in the progress of the crime, but rendered unavailing by others frustrating and defeating the execution of the intention upon which the person himself had commenced directly to act. The case thus presented is more than a mere intention which would not be punishable. (*McDade* v. *People*, 29 Mich., 50; *People* v. *Murray*, 14 Cal., 159.) It would be an intention coupled with acts appropriate to, although not insuring its execution. And that would be an attempt to perpetrate the crime intended to be committed. For that may be affirmed of a physical act, sufficiently proximate to the result to be caused, as to stand either as the first or some subsequent step in the actual endeavor to bring about or accomplish the result. (*McDade* v. *People*, *supra*, 55.) And so the law has been declared by a standard authority, in which it is said that " so

long as an act rests in" bare intention it is not punishable, but immediately when an act is done the law judges not only of the act, but of the intent with which it is done ; and if accomplished with an unlawful and malicious intent, though the act itself would otherwise have been innocent, the intent being criminal, the act becomes criminal and punishable." (1 Russ. on Crimes [8th Am. ed.], 46.) And that was stated to be the law in *People* v. *Moran* (54 Hun, 279, 286–292), and it has been since established by the final decision in the same case. (123 N. Y., 254.)

In the present case if the defendant approached Daly with the axe in his hand, that of itself would not have been a criminal act ; but to approach him in that manner intending to kill him with the axe, when he should be so near as to be able to effect that intent, would be clearly criminal and constitute an act in the way of committing an assault in the first degree. To make the assault itself it was necessary that he should be so near as to be able to strike him, and should attempt to do so. To make an attempt to assault him required no more than that he should arm himself with the axe and endeavor to place himself in the position to use it by executing his intention to kill. There is a clear distinction between these cases. The first would be the crime itself, the other an attempt to commit it, and that would bring the defendant within the range of the indictment, which included all attempts to commit the assault.

It does not, and could not, appear, from the plea of guilty of the attempt, how that attempt was, in fact, made. But as the attempt could be committed, it is to be inferred from the plea that the defendant had committed it in some manner in which that could be done, and had thereby made himself amenable to punishment under the law. Whether that was done in the way in which it has been stated the attempt might be made, or in some other equally effectual manner is not important to the case. It is sufficient that the attempt could be committed, and the defendant, by his plea, confessed himself guilty of it. The judgment consequently is free from all ground of error, and should be affirmed, as Mr. Justice Lawrence has in his opinion concluded.

Van Brunt, P. J., concurred.

Judgment affirmed.