PEOPLE v. CROTHERS

1. Criminal Law—Appeal and Error—Instructions to Jury—Failure to Object—Lesser Included Offenses.
    Defendant is precluded from claiming error on appeal based on trial judge's failure to give an instruction as to lesser included offenses when defendant was afforded an opportunity to object to charge given before jury retired and made no objection (GCR 1963, 516.2).

2. Witnesses—Credibility—Evidence—Testimony—Reference to Other Crimes—Direct Examination—Criminal Law.
    Testimony given by defendant as to his previous criminal conviction on direct examination may be considered by the jury in determining the credibility of the defendant (MCLA § 600-.2158).

3. Criminal Law—Appeal and Error—Reference to Other Crimes—Discretion—Scope of Cross-Examination.
    Trial court properly allowed the prosecution to cross-examine the defendant as to certain details of an admitted prior arrest and conviction, where an examination of the record on appeal fails to disclose any abuse of discretion by the court with regard to the scope of the cross-examination or any objection by defendant to the questions of the prosecution (GCR 1963, 516.2).

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 May 5, 1970, at Detroit. (Docket No. 8403.) Decided December 4, 1970. Leave to appeal denied February 17, 1971. 384 Mich 807.

References for Points in Headnotes
[1] 53 Am Jur, Trial §§ 796, 797.
[2, 3] 58 Am Jur, Witnesses § 685 et seq.

Richard E. Crothers was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Armand D. Bove,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and McGREGOR and AGER,* JJ.

PER CURIAM. Defendant was found guilty by a jury of the crime of armed robbery and was sentenced to a term of life in prison. MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797). On appeal defendant raises four claims of error.

First, defendant asserts that instructions given to the jury were insufficient as the court did not instruct as to the lesser included offenses of unarmed robbery,[1] larcency from the person[2] and assault and battery.[3] An examination of the record on appeal discloses that although counsel for defendant made a timid request for instructions as to such lesser included offenses there was no objection to the instructions as given by the court, nor was there evidence presented to support a conviction of the lesser included offenses. *People* v. *Mallory* (1966), 2 Mich App 359; GCR 1963, 516.2; *People* v. *Utter* (1921), 217 Mich 74; MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052).

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.530 (Stat Ann 1954 Rev § 28.798).
[2] MCLA § 750.357 (Stat Ann 1954 Rev § 28.589).
[3] MCLA § 750.81 (Stat Ann 1954 Rev § 28.276).

Second, defendant claims that the court erred in allowing testimony of his previous criminal conviction and by instructing the jury that this testimony could be considered in determining the credibility of defendant's testimony. An examination of the record on appeal discloses that defendant testified as to his previous criminal conviction on direct examination and that the trial court properly instructed the jury that such testimony may be considered in determining the credibility of the defendant. *People v. Di Paolo* (1962), 366 Mich 394; MCLA § 600.2158 (Stat Ann 1962 Rev § 27A.2158).

Third, defendant claims that the court erred in allowing the prosecutor to cross-examine the defendant as to certain details of an admitted prior arrest and conviction. An examination of the record on appeal fails to disclose any abuse of discretion by the court with regard to the scope of the cross-examination or any objection by defendant to the questions of the prosecutor. *People* v. *Foley* (1941), 299 Mich 358; *People* v. *Finks* (1955), 343 Mich 304; GCR 1963, 516.2.

Lastly, defendant questions the sufficiency of the evidence offered by the people in support of the jury's verdict of guilty. An examination of the record on appeal indicates that the evidence was such that, if believed, a jury might find the defendant guilty beyond a reasonable doubt of the crime charged. *People* v. *Schram* (1965), 1 Mich App 279; *People* v. *Clifford Jordan* (1969), 19 Mich App 356; *People* v. *Ford* (1969), 19 Mich App 519.

Affirmed.