## PEOPLE v. PATSKAN

1. CRIMINAL LAW—ASSAULT—DEFINITION.

   An assault is an attempt or offer, with force and violence, to do bodily hurt to another with a present means of accomplishing the hurt.

2. CRIMINAL LAW—ASSAULT—ATTEMPTED ASSAULT—NONEXISTENCE.

   The crime of an attempt to assault does not exist because, by the definition of the crime of assault, such a crime would be an attempt to attempt or to offer (MCLA §§ 750.89, 768.32).

3. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY.

   An instruction to the jury on a lesser included offense need not be given where there are no reasonable grounds for the jury to find the defendant guilty of the lesser included offense and there is a total absence of evidence to support the theory that defendant is guilty of any such offense.

4. CRIMINAL LAW—LESSER INCLUDED OFFENSES—DEFINITION.

   If all the elements of another crime are included in the elements of the crime charged, the crime charged is the greater offense and the other crime is a lesser included offense.

5. CRIMINAL LAW—ASSAULT WITH INTENT TO ROB BEING ARMED— ELEMENTS OF OFFENSE.

   The crime of assault with intent to rob and steal being armed is complete when an assault is made with both a dangerous weapon and the intent to rob and steal (MCLA § 750.89).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  6 Am Jur 2d, Assault and Battery §§ 2–6.

[3, 4]  53 Am Jur, Trial §§ 796–802.

[5, 6]  46 Am Jur, Robbery §§ 65–71.

6. Criminal Law—Assault with Intent to Rob—Attempted Robbery—Lesser Included Offenses.

> The crime of attempted robbery is not a lesser included offense of the crime of an assault with intent to rob, because attempted robbery includes an abortive attempt to take property, while the assault in the crime of assault with intent to rob must be completed (MCLA §§ 750.89, 768.32).

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 June 11, 1970. (Docket No. 5738.) Decided January 18, 1971. Leave to appeal granted May 20, 1971. 384 Mich 842.

George Patskan was convicted of assault with intent to rob and steal. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Owen J. Galligan,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: Danhof, P. J., and V. J. Brennan and J. J. Kelley, Jr.,* JJ.

Kelley, J. On July 14, 1967, at approximately 4 a.m., three men attempted to rob a restaurant-bar. The establishment had closed for the evening, but a night porter, Fernando, was inside cleaning the premises. Immediately before the attempt, Fernando received a telephone call in which the caller informed him that the premises were on fire and that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

he had better leave the building. Upon attempting to leave by way of the back door, he was accosted by two men who took his keys. One of the men stated, "This is a stick-up". The other man brandished an automatic pistol which he stuck in the porter's ribs. After taking the porter back into the restaurant and forcing him to lie on the floor, face down, two hold-up men began to look for money.

Unknown to the robbers, at the time the porter opened the back door to leave the establishment, a silent alarm sounded in a private-protection agency office. As a result of the alarm, the police were summoned.

When the hold-up men became aware that the police had arrived, they roused the porter from his position on the floor and told him to tell the police that everything was all right. At this time the porter observed a third man on the premises. However, instead of informing the police that everything was all right, the porter signaled the officers that three men were in the establishment.

With the arrival of the police, the robbery was thwarted. One of the trio of hold-up men was shot to death by the police as he tried to escape. Another was wounded. An officer saw a third man leave the building and chased him. The officer, who was about 30 feet behind the fleeing man, noted the color and type of the man's clothing. The fleeing man ran into an open field. After having lost sight of him for five to ten seconds, the officer found him in the field, lying face down, and arrested him. The officer identified the arrested person, the defendant, as the man he had chased.

The information charged that defendant, being armed with a pistol, assaulted Fernando with the

intent to rob and steal.[1]  Appealing his conviction of this offense, defendant raises several issues.

*1. Whether the court should have charged the jury that defendant could be found guilty of attempted assault with intent to rob, being armed?*

Defendant relies on MCLA § 768.32 (Stat Ann 1954 Rev § 28.1055), which provides: "Upon an indictment for any offense, consisting of different degrees, as prescribed in this chapter, the jury may find the accused  *  *  * guilty  *  *  * of an attempt to commit such offense".  A reasonable interpretation[2] of this statute forces the conclusion that it was not meant to apply to all crimes.

Some charges of crime include an attempt in their definitions.  One such charge is that of attempt to murder[3] which apparently has been a statutory prohibition since the year 1846[4].  Obviously there can be no such crime as an attempt to attempt to murder.

Another such charge is one where the offense is completed when an assault is committed under certain conditions, such as with a certain intent or weapon, but without any further action being necessary by the person who makes the assault.  Such is the offense charged in this case.  An assault is defined as an attempt or offer, with force and violence, to do bodily hurt to another with a present means of accomplishing the hurt.[5]  There can be no offense of an attempt to assault, which by definition would include an attempt to attempt or offer.

*People* v. *Webb* (1901), 127 Mich 29, 31, relied on by defendant, dealt with a charge of taking tools into

---

[1] MCLA § 750.89 (Stat Ann 1962 Rev § 28.284).

[2] "It is necessary to apply the rule of reason or common understanding to many statutes in order to carry out their purpose." *People* v. *McMurchy* (1930) 249 Mich 147, 179.

[3] MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).

[4] R S 1846, ch 153, § 13.

[5] *Tinkler* v. *Richter* (1940), 295 Mich 396, 402.

a jail to aid a prisoner in escaping, which by definition did not include an attempt.

Another reason compels rejection of defendant's claim. Where, as here, there are no reasonable grounds for the jury to find defendant guilty of a lesser included offense and there is a total absence of evidence to support the theory that defendant is guilty of any such offense, no instruction on lesser-included offenses need be given.[6]

*2. Whether the defendant was denied due process of law and a fair trial when the court stated that it would give a charge on attempted assault with intent to rob being armed, on which statement defense counsel relied to the prejudice of the defendant?*

Contrary to this assertion the trial court did not tell defendant's counsel that an instruction on the charge mentioned would be given.

At the conclusion of the discussion the trial judge stated that he would "define what an attempt is". In its instructions the court thoroughly covered the subject of attempt in defining the lesser included offense of attempted larceny from the person.

---

[6] *People* v. *Hearn* (1958), 354 Mich 468, 474. See also *People* v. *Stevens* (1968), 9 Mich App 531, 534, 535, involving a charge of armed robbery, where the Court stated: "Defendant's position throughout the trial was that he did not participate in the commission of the crime. The only question for the jury to decide was whether he did or did not so participate. Under the circumstances, the court was not required to instruct on the question of aggravated assault nor on a lesser offense, especially when the elements of that offense were not present and when no evidence of such offense existed. Where no evidence exists on which a verdict of a lesser offense could be returned, it is not error for the trial court to instruct the jury that the verdict must be guilty or not guilty of the crime charged".

Akin, but not on point, is *People* v. *Lemmons* (1970), 384 Mich 1, where apparently there was evidence only as to a completed armed robbery, the defendant claimed he was not present at the scene, and no request was made for instructions on included offenses. The Court overturned the conviction not because of failure to give such instructions but rather because the trial judge told the jury "there are no included offenses". The appellate court termed this an "improper" instruction because it affirmatively excluded included offenses from the consideration of the jury.

*3. Whether the court erred in refusing to give the requested charge that defendant could be found guilty of attempted robbery armed; and whether there is an unconstitutional delegation of the legislative and judicial authority to set sentences in the discretion of the prosecutor in that the alleged facts upon which defendant was convicted could equally have sustained two charges: attempted robbery armed or assault with intent to rob being armed?*

"If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater." *People* v. *Simpson* (1966), 5 Mich App 479, 486. Under this rule in its practical application to trials, if all the elements of another crime are included in the elements of the crime charged, the crime charged is the greater offense and the other crime is a lesser included offense.

Application of the rule here excludes attempted robbery armed as a lesser included offense. The crime charged in the information in this case is complete when an assault is made with both a dangerous weapon and the intent to rob and steal. Assault is also an element of attempted robbery armed, but because there cannot be an attempted assault, the attempt[7] must be to take. Therefore, attempted rob-

---

[7] CL 1948, § 750.92 (Stat Ann 1962 Rev § 28.287): "[A]nd in such attempt shall do any act toward the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same".

Neither intention nor preparation nor menaces nor planning is sufficient to constitute an attempt. "[T]he attempt is the *direct movement* towards the commission after the preparations are made. * * * Therefore, the act must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation. * * * [H]is acts must be *unequivocally referable* to the commission of the specific crime." *People* v. *Coleman* (1957), 350 Mich 268, 277, 278. See also *People* v. *Bowen* (1968), 10 Mich App 1.

bery includes an element which is not present in the offense here charged and that element is an abortive attempt to take property from the person or in the presence of the assaulted person.

The prosecutor had the prerogative of determining with which offense the defendant was to be charged[8] to the exclusion of other charges from the information and, therefore, from the trial and from the instructions.

*4. Did the arresting officer violate defendant's rights to due process of law and assistance of counsel when he returned defendant to the scene of the alleged holdup?*

Following the arrest the officer returned defendant, handcuffed, to a place near the bar's front door. After the bar had been cleared out the officer took defendant inside and had him sit down.

At the preliminary examination Fernando, the porter, testified without objection that after the incident he did not see defendant outside the bar, but that he did see him inside and recognized him as a previous patron of the bar. He further testified he then identified defendant although the police did not speak to him about identification.

At the trial Fernando testified that he was alone in the bar at the time of the incident. He further testified without objection that defendant put a gun in his ribs and helped search him and that immediately after the incident he saw and talked to defendant inside the bar and recognized him. No witness testified that the police asked Fernando to identify defendant.

---

Defendant's pointing of the pistol was a felonious assault. By adding the intent to rob and steal, evidenced by the declaration "This is a stick-up", the crime expanded to that here charged. Had the robber at that point made an overt, but abortive, act toward taking, he could have been charged with attempted armed robbery as well as with assault with intent to rob and steal, being armed.

8 *People* v. *Lombardo* (1942), 301 Mich 451, 453.

Although both during the preliminary examination and during the trial defendant and his counsel were apprised of the identification they now attack, neither prior to trial nor during it did defendant object to the assertedly tainted identification or seek its suppression. As with evidence which allegedly has been illegally seized, where the facts giving rise to the claim of illegality are known in advance of trial, a motion to suppress must be timely made. The Court will not turn aside from the trial of the case to consider such a collateral matter.[9] Defendant's present objection is untimely.

Affirmed.

All concurred.

---

[9] *People* v. *Ferguson* (1965), 376 Mich 90, 94, 95. *People* v. *Childers* (1969), 20 Mich App 639, 645–648.