PEOPLE *v* PATSKAN

OPINION OF THE COURT

1. ROBBERY—ASSAULT WITH INTENT TO ROB—ATTEMPTED ASSAULT WITH INTENT TO ROB—INSTRUCTIONS—CONSTITUTIONAL LAW—DUE PROCESS—NEW TRIAL.

Failure of the trial judge to give an instruction of attempted assault with intent to rob being armed after indicating he would do so was fundamentally unfair, violated a court rule and, also, defendant's right to due process of law; therefore, the conviction of assault with intent to rob being armed must be reversed and a new trial held (MCLA 750.89, 750.92; GCR 1963, 516.1).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 7, 10, 11]  46 Am Jur, Robbery § 70.
[2, 3, 14]  53 Am Jur, Trial §§ 796, 798.
[4–7, 15]  41 Am Jur 2d, Indictments and Informations §§ 312, 313.
[5–7]  46 Am Jur, Robbery §§ 65, 66.
[8]  29 Am Jur 2d, Evidence §§ 367, 371, 372.
[9, 13]  6 Am Jur 2d, Assault and Battery § 10.
   21 Am Jur 2d, Criminal Law § 110.
   Attempt to commit assault as criminal offense, 79 ALR2d 597.
[12]  6 Am Jur 2d, Assault and Battery § 3.
[16, 17]  46 Am Jur, Robbery §§ 65, 66
[18]  63 Am Jur 2d, Prosecuting Attorneys §§ 25, 26.
[19]  29 Am Jur 2d, Evidence §§ 425, 426.
   Modern status of rule governing admissibility of evidence obtained by unlawful search and seizure, 50 ALR2d 531.

2. Criminal Law—Evidence—Lesser Offenses—Indictment and Information.

   A trial court may properly instruct the jury that their verdict must be one of guilty or not guilty of the principal offense charged where there is no evidence before the jury upon which a verdict upon lesser offenses included in the information could be returned.

3. Robbery—Assault With Intent to Rob—Attempted Assault With Intent to Rob—Instructions—Appeal and Error.

   Trial court would not have committed error in refusing to give instructions on attempted assault with intent to rob being armed where the testimony of the victim, if believed, presented evidence of a completed assault, no evidence was introduced of a different sequence of events, and defendant contended that he was not present at the scene of the crime when it occurred (MCLA 750.89, 750.92).

4. Criminal Law—Included Offenses.

   If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater.

5. Robbery—Assault With Intent to Rob—Attempted Armed Robbery.

   Assault with intent to rob being armed consists of: (1) an assault; (2) an attempt to rob; (3) being armed; attempted armed robbery does not consist of an assault, but does include: (1) attempt to rob; (2) being armed (MCLA 750.89, 750.529).

6. Robbery—Attempted Robbery—Assault With Intent to Rob—Criminal Law—Intent.

   Intent alone is not enough to convict a person of a crime; there must be an act taken in conjunction with the intent and, once that is done, there is, therefore, an attempt; thus, attempted robbery armed is a lesser included offense of assault with intent to rob being armed (MCLA 750.89, 750.92, 750.529).

7. Robbery—Attempted Robbery—Assault With Intent to Rob—Instructions—Court Rules—Appeal and Error.

   Trial court committed error in refusing to give an instruction on attempted robbery armed when it was properly requested pursuant to a court rule, defendant was charged with assault

with intent to commit robbery being armed, and the facts of the case would have allowed the jury to find that the crime of attempted robbery was committed (MCLA 750.89, 750.92, 750.529; GCR 1963, 516).

8. CRIMINAL LAW—IDENTIFICATION OF DEFENDANT—EVIDENCE—HEARING.

On retrial of an offense that occurred on July 14, 1967, the trial court should hold a hearing to determine whether the in-court identification of defendant by police officers was arrived at independent of the initial confrontation; if such in-court identification was not independent, evidence of the identification of the defendant should be excluded on retrial.

CONCURRING OPINION

T. G. KAVANAGH and WILLIAMS, JJ.

9. ASSAULT AND BATTERY—ATTEMPTED ASSAULT.

*An "attempted assault" would necessarily involve an attempt to make an attempt, and there is no such crime in Michigan.*

10. ROBBERY—LESSER INCLUDED OFFENSES—ATTEMPTED ASSAULT WITH INTENT TO ROB—INSTRUCTIONS.

*Failure of a trial judge to instruct the jury on "attempted assault with intent to rob being armed", after having agreed to do so, did not constitute reversible error because there is no such crime in Michigan as attempted assault, and the instruction requested cannot be said to be "on the law"; therefore, the requested instruction did not come within the ambit of the statute and the failure of the trial judge to give the instruction, even after stating that he would, was not a violation of his statutory duty (MCLA 750.89, 750.92, 768.29).*

11. ROBBERY—ASSAULT—ATTEMPTED ASSAULT—INSTRUCTIONS.

*Defendant should not be heard to complain that the trial court did not, as it had promised, give his requested instruction on attempted assault with intent to rob being armed even though defense counsel's closing argument indicated reliance on the court's prior promise to give the instruction because, there being no such crime in Michigan as attempted assault, the court, by not giving the instruction, merely escaped the error defendant invited (MCLA 750.89, 750.92).*

12. ASSAULT AND BATTERY—ASSAULT—WORDS AND PHRASES.

*An assault is an attempt or offer, with force and violence, to do bodily hurt to another with a present means of accomplishing the hurt.*

13. ASSAULT AND BATTERY—ATTEMPT TO ASSAULT.

*There can be no offense of an attempt to assault, which by definition would include an attempt to attempt or offer.*

14. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS.

*No instruction on lesser included offenses need be given where there are no reasonable grounds for the jury to find defendant guilty of a lesser included offense and there is a total absence of evidence to support the theory that defendant is guilty of any such offense.*

15. ROBBERY—ASSAULT WITH INTENT TO ROB—ATTEMPTED ROBBERY ARMED—LESSER INCLUDED OFFENSES.

*If all the elements of another crime are included in the elements of the crime charged, the crime charged is the greater offense and the other crime is a lesser included offense; attempted robbery armed is excluded as a lesser included offense to assault with intent to rob and steal (MCLA 750.89).*

16. ROBBERY—ASSAULT WITH INTENT TO ROB—WEAPONS—INTENT.

*Assault with intent to rob being armed is complete when an assault is made with both a dangerous weapon and the intent to rob and steal (MCLA 750.89).*

17. ROBBERY—ATTEMPTED ROBBERY—ASSAULT WITH INTENT TO ROB.

*Attempted robbery includes an element which is not present in the offense of assault with intent to rob while armed and that element is an abortive attempt to take property from the person or in the presence of the assaulted person (MCLA 750.89, 750.92).*

18. DISTRICT AND PROSECUTING ATTORNEYS—CRIMINAL LAW—INDICTMENT AND INFORMATION—INSTRUCTIONS.

*The prosecutor had the prerogative of determining with which offense a defendant was to be charged to the exclusion of other charges from the information and, therefore, from the trial and from the instructions.*

19. CRIMINAL LAW—IDENTIFICATION OF DEFENDANT—MOTION TO
    SUPPRESS—APPEAL AND ERROR.

> *A motion to suppress the claimed illegal identification of defendant must be timely made where the facts giving rise to the claim of illegality are known in advance of trial and the court will not turn aside from the trial of the case to consider such a collateral matter; defendant's objection to claimed illegal identification of him was untimely where it was first raised on appeal.*

Appeal from Court of Appeals, Division 1, Danhof, P. J., and V. J. Brennan and J. J. Kelley, JJ., affirming Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted January 5, 1972. (No. 9 January Term 1972, Docket No. 53,323.) Decided July 26, 1972.

29 Mich App 354 reversed.

George Patskan was convicted of assault with intent to rob being armed. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendant on appeal.

SWAINSON, J. On July 14, 1967, at approximately 4 a.m., three men attempted to hold up a restaurant-bar on East Eight Mile Road, in Detroit. The establishment had closed for the evening and a night porter, Fernando Jaime, was inside cleaning. He

received a telephone call that the place was on fire and upon attempting to leave by way of the back door he was accosted by two men who took his keys and informed him that it was a stick-up.

Upon the back door being opened, a silent alarm was sounded in a private protection agency's office. The police were summoned and the robbery thwarted. One of the holdup men was fatally shot by the police as he tried to escape, and another was wounded. Officer Andrews saw a third man leave the building and gave chase. The officer, who was about 30 feet behind the fleeing man, noted the color and type of the latter's clothing. The fleeing man ran into an open field. After having lost sight of him for a period of five to ten seconds, the officer found defendant George Patskan in the field lying face down, and arrested him. Defendant told the officer that he was sleeping in the field. Officer Andrews handcuffed defendant and brought him back to the bar. Defendant Patskan was then identified by Officer King and Patrolman Blanchard.

Defendant, along with a codefendant, was charged with assault with intent to commit robbery being armed.[1]

Defendant's counsel filed a written request that a charge be given to the jury on the crime of attempted robbery armed.[2] Codefendant's counsel requested that a charge be given on attempted assault with intent to commit robbery being armed, and defendant Patskan's counsel asked that that charge

---

[1] MCLA 750.89; MSA 28.284.

[2] MCLA 750.529; MSA 28.797, defines armed robbery.

MCLA 750.92; MSA 28.287, provides in part:

"Any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same, when no express provision is made by law for the punishment of such attempt, shall be punished as follows: * * * ."

also be given as to defendant. Discussions were held in the judge's chambers and the court told counsel he would not give the charge on attempted robbery armed, but would give a charge on attempted assault with intent to rob while being armed.

Based on these discussions in chambers, defendant's counsel, at the closing argument, argued to the jury that the crime of attempted assault with intent to rob being armed had been committed. The court did not give a charge on attempted assault with intent to rob being armed. Defendant's counsel and codefendant's counsel took exception to the court's failure to instruct the jury on attempted robbery armed and attempted assault with intent to rob being armed. Defendant and his codefendant were convicted by the jury and found guilty of the crime charged—assault with intent to rob being armed. The codefendant was sentenced to 25 to 30 years, and defendant Patskan was sentenced to 25 to 50 years. The Court of Appeals affirmed. 29 Mich App 354. We granted leave to appeal. 384 Mich 842.

Five issues are raised on appeal:

(1) Whether the record of the trial below sustains defendant's contention that the trial court stated it would give a charge on attempted assault with intent to rob being armed and, if so, whether defendant was denied due process of law and a fair trial when the court failed to give such charge?

(2) Whether the testimony elicited at trial justified the trial court's refusal to give a charge of attempted assault with intent to commit armed robbery, requested as an included offense?

(3) Whether the evidence elicited at the trial justified the court's refusal to give a charge of attempted robbery armed?

(4) Whether there is an unconstitutional delegation of legislative and judicial authority to set sentences in the discretion of the prosecutor in that the alleged facts upon which defendant was convicted could equally have sustained two charges: attempted robbery armed, or assault with intent to rob being armed?

(5) Whether the arresting officer violated defendant Patskan's rights to due process of law and assistance of counsel when he returned defendant to the scene of the alleged holdup?

*I.*

Defendant contends he was denied due process and the right to a fair trial by the fact that the court failed to instruct the jury on the crime of attempted assault with intent to commit robbery being armed. He contends that his attorney relied, to his detriment, on the belief that the trial court would give such an instruction. Defendant's counsel argued to the jury in his closing argument that the crime of attempted assault with intent to commit robbery being armed was committed.

The people contend that the trial judge only promised to define "attempt," and that he did this when he defined attempted larceny from a person. They further argue that defense counsel placed little emphasis on this argument and, "[a]s a matter of fact, counsel's argument on attempt seems merely to have been thrown in as an afterthought."

GCR 1963, 516.1 reads:

"Request for Instructions. At or before the close of the evidence, any party may, or at any time the court reasonably directs, the parties shall, file written requests that the court instruct the jury on the law as set forth in the request. A copy of such requested instructions shall be served on the ad-

verse parties in accordance with Rule 107. *The court shall inform counsel of its proposed action on the requests prior to their arguments to the jury,* and, subject to the provision of sub-rule 516.3, shall instruct the jury after the arguments are completed. *  *  *  "  (Emphasis added.)

Defendant clearly complied with this part of the Court Rule. In 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Comments, p 565, it is stated:

"The court is required to inform counsel of its proposed action on the requests prior to their arguments to the jury. Sub-rule 516.1. *The obvious purpose of this provision is to enable counsel to know which requests will be granted or denied, in order to argue the facts in the light of the law as the court will charge the jury.*"  (Emphasis added.)

In the discussion between court and counsel, the court stated:

"*The Court:* That is the court's problem right now. I don't think those facts fit an attempt robbery armed. *It fits attempted assault to rob while armed.*"  (Emphasis added.)

"*Mr. Taylor* [*defendant Patskan's counsel*]: In the fact of that, I would ask you to adopt Usiondek's [codefendant] charge Number 9, and also—which covers attempt assault.

"*The Court:* I indicated that—

"*Mr. Taylor:* If you are going to give attempt assault with intent to rob armed, I ask that you include that consideration for Patskan. Of course, then we get into the point where you will probably read the attempt statute to the jury, will you not?

"*The Court:* I shall define what an attempt is. All right."

We agree with defendant that the trial judge stated he would give an instruction of attempted

assault with intent to rob being armed. His failure to do so violated GCR 1963, 516.1.

As the people point out, defendant's basic defense was that he was not a participant in the crime. However, this does not lessen the prejudice to him where the court has agreed to give a specific charge and then fails to do so. His counsel forcefully argued that if any crime was committed it was attempted assault with intent to rob being armed.[3] The failure of the trial judge to give the instruction after indicating he would do so, was fundamentally unfair, violated GCR 1963, 516.1 and, also, defendant's right to due process of law. Therefore, the conviction must be reversed and a new trial held.

## II.

However, because other issues raised by defendant might also be presented on retrial, we will deal with them in this opinion. Defendant contends that the trial court committed reversible error in failing to give a charge on attempted assault with intent to rob being armed. He cites cases which state that

---

[3] In his closing argument, defendant's counsel stated:

"But you don't just convict a man of whatever comes into your mind because somebody some months later says there is an assault with intent to rob being armed. I say it was not. I say it was an attempt assault with intent to rob, because it was never completed.

"I am thankful that it wasn't completed. But at the same time, as a lawyer, I have got to try to make you see the point that I am driving at. And lay aside those personal thoughts of yours and be as honest and as fair as you can, and be as candid as you can. If you can do that in your conscience to decide that the crime that was committed here was an attempt, that the attempt was an aborted attempt by responsive and responsible police officers getting there at the scene, that it was stopped—it was stopped. Everybody agrees to that. It was stopped before it got off the ground.

"If there is any crime committed, it is that of attempt to perform this act. This is an abortive criminal act. I wonder if you can find the courage to be that objective. Some of you must be able to do that. Thank you."

there is a crime of attempted assault.[4]   The Court of Appeals in its opinion stated (p 357):

"There can be no offense of an attempt to assault, which by definition would include an attempt to attempt or offer."

However, we do not need to consider whether, under any circumstances, there could be an attempted assault to decide the issue before us.  The only issue we face is whether it was error to refuse to give such an instruction under the circumstances of this case.  2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 674, pp 863–864, states:

"Where the offense charged in the information includes other offenses of a lesser degree, it is not error to omit an instruction on such lesser offenses, where the evidence tends only to prove the greater, or, in such case to state to the jury that the only question before them is as to the greater offense, and they cannot convict of a lesser offense.  *Where there is no evidence before a jury upon which a verdict upon lesser offenses included in the information could be returned, it is not error for the trial court to instruct the jury that their verdict must be one of guilty or not guilty of the principal offense charged.*"   (Emphasis added.)

This rule has been followed by our Court in *People* v *Utter,* 217 Mich 74 (1921); *People* v *Hearn,* 354 Mich 468 (1958), and by the Court of Appeals in *People* v *Stevens,* 9 Mich App 531, 534 (1968) (authored by then Judge and now Justice T. G. KAVANAGH); *People* v *Sweet,* 25 Mich App 95 (1970); and *People* v *Crothers,* 28 Mich App 496, 497 (1970).  The rule cited is applicable under the

4 See, for example, *State* v *Wilson,* 218 Or 575; 346 P2d 115; 79 ALR2d 587 (1959); *People* v *O'Connell,* 14 NYS 485, 486 (S Ct 1891), and for a full discussion of this issue, see Annotation, *Attempt to commit assault as criminal offense,* 79 ALR2d 597.

circumstances of this case. The evidence of the assault was given by witness Jaime, who testified:

"*Q.* All right. Mr. Jaime, what did you see when you went out the door?

"*A.* I opened up the door the first thing that happened was someone grabbed me from behind; grabbed my hands and took the keys.   \*   \*   \*

"*Q.* What happened then, sir?

"*A.* As the first man grabbed me and took away the keys, he told me that this was a stick up.

"*Q.* Which man said that?

"*A.* That man that is over there.

"*Q.* Which man, sir?

"*A.* The first.

"*Q.* Are you speaking of Roman Usiondek sitting at the table?

"*A.* Yes, sir.

"*Q.* What happened, then, sir?

"*A.* And when this man grabbed me and told me, he took me to the edge of the wall and that is where the other man put the gun in the back part of my ribs and he took me inside the building.

"*Q.* Do you see that other man here today, sir?

"*A.* Yes, sir.

"*Q.* Where is he, sir?

"*A.* The gentleman that is sitting in the back there; the gentleman with the crystals, the glasses.

"*Q.* Mr. George Patskan, seated on the outside or right next to the table?

"*A.* The outside of the table.

"*Mr. Poehlman [Assistant Prosecuting Attorney]*: Let the record show that the witness is pointing to the person of the defendant George Patskan."

This testimony, if believed, presented evidence of a completed assault. No evidence was introduced of a different sequence of events. Defendant contended he was not present at the scene of the crime when this occurred. Hence, if the jury believed the

testimony of the porter, the crime of assault and not attempted assault was committed. Thus, the trial court would not have committed error in refusing to give instructions on attempted assault with intent to rob being armed.[5]

## III.

Defendant further contends that the court erred in refusing to give a charge on attempted robbery armed. Defendant contends that attempted robbery armed is a lesser included offense of assault with intent to rob being armed. The people contend that attempted robbery armed is not such a lesser included offense. In *People* v *Simpson*, 5 Mich App 479, 486 (1966), the Court of Appeals stated:

"The general rule is succinctly set forth in 4 Wharton's Criminal Law and Procedure, § 1888, pp 753, 754, wherein it is stated, 'If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater.'"

We agree that this is a proper test to use in determining if one offense is a lesser included offense of another one. In *People* v *Hawkins*, 54 Ill App 2d 212, 217; 203 NE2d 761 (1964), the Court stated:

"An assault with intent to rob is more than an attempt to rob. It includes an attempt to rob and in addition all the essentials of an assault, *United States* v *Spain*, 32 F Supp 28, 30 (ED Ill, 1940)."

---

[5] As noted in Part I, the error was in the action of the trial judge which led defendant's counsel to rely on such an instruction in his closing argument.

Assault with intent to rob being armed consists of: (1) an assault; (2) an attempt to rob; (3) being armed. Attempted armed robbery does not consist of an assault, but does include: (1) attempt to rob; (2) being armed. The Court of Appeals stated (pp 359–360):

"Therefore, attempted robbery includes an element which is not present in the offense here charged and that element is an abortive attempt to take property from the person or in the presence of the assaulted person."

The distinction between the element of intent and attempt is, under the circumstances of this case, a matter of semantics. Intent alone is not enough to convict a person of a crime. There must be an act taken in conjunction with the intent and, once that is done, there is, therefore, an attempt. Thus, attempted robbery armed is a lesser included offense of assault with intent to rob being armed. We hold that the court committed error in refusing to give an instruction on attempted robbery armed when it was properly requested pursuant to GCR 1963, 516. The facts of this case would have allowed the jury to find that the crime of attempted robbery was committed. The porter was informed that it was a "stick-up," and he testified that he heard the men proceed upstairs to the office and heard the cash register being opened. The jury could have found from these facts that the crime of attempted robbery had been committed.

## IV.

Defendant contends there was an unconstitutional delegation of legislative and judicial authority to set sentences in the discretion of the prosecutor in that the alleged facts upon which defendant was

convicted could have sustained two charges: attempted robbery armed, or assault with intent to rob being armed. However, in view of our holding under Part III that the trial court should have given an instruction as to attempted robbery armed, defendant's claimed prejudice fails.

## *V.*

Finally, defendant contends that his right of due process of law and his right to assistance of counsel were violated when he was returned to the scene of the alleged holdup and identified by the other officers. The right of counsel at a confrontation between an accused and his accuser was recognized by the United States Supreme Court in *United States* v *Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967). *Wade* was decided on June 12, 1967, but was silent on the question of retroactivity. *Stovall* v *Denno,* 388 US 293; 87 S Ct 1967; 18 L Ed 2d 1199 (1967), succinctly held that *Wade* was not made retroactive. The instant holdup occurred on July 14, 1967, and, thus, defendant Patskan is entitled to the benefits provided by *Wade.*

Thus, on retrial, the trial court should hold a hearing to determine whether the in-court identification of defendant by the police officers was arrived at independent of the initial confrontation.[6] If such in-court identification was not independent, evidence of the identification of the defendant should be excluded on retrial.

The Court of Appeals is reversed and the matter remanded for new trial in accordance with this decision.

---

[6] See *United States* v *Wade, supra,* at p 241, for the test to be applied at this hearing. For examples where our Court has remanded for an evidentiary hearing, see, *People* v *Mosden,* 381 Mich 506 (1969), and *People* v *Gorka,* 381 Mich 515 (1969).

Williams, J., concurred with Swainson, J.

T. M. Kavanagh, C. J., and Adams, J., concurred in the result.

T. G. Kavanagh, J. (*concurring*). I agree with my Brother Swainson that the trial judge's failure to grant the requested charge of "attempted armed robbery" constituted reversible error. I would remand this case for a new trial.

I cannot agree that the failure of the trial judge to instruct the jury on "attempted assault with intent to rob being armed", after having agreed to do so, constituted reversible error. This appears to me to be the injection of a contractual element into the relationship between trial judge and defendant.

GCR 1963, 516.1 states that "the parties shall file written requests that the court instruct the jury *on the law* as set forth in the request." There is no such crime in Michigan as attempted assault, which would necessarily involve an attempt to make an attempt. This being so, the instruction here requested cannot be said to be "on the law". Therefore such instruction did not come within the ambit of the statute,* and the failure of the trial judge to give the instruction, even after stating that he would, was not in violation of his statutory duty.

The anomaly in my Brother's position is that had the instruction been given, and defendant been convicted thereunder, we would have no choice but to reverse the conviction.

Although defense counsel's closing argument indicates reliance on the court's promise to give the instruction he·requested, he should not be heard

---

* MCLA 768.29; MSA 28.1052.

to complain that the court somehow escaped the error he invited.

WILLIAMS, J., concurred with T. G. KAVANAGH, J.

BLACK, J. (*dissenting*).   I agree with the reasoning of and disposition made by Division 1 (29 Mich App 354) and therefore dissent.

T. E. BRENNAN, J., concurred with BLACK, J.